UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL HOUDE,<br>    Plaintiff<br><br>v.<br><br>ROBERT TURGEON, STEPHEN<br>GUNNERSON, KEVIN JOHANSON,<br>MATTHEW D'ANDREA, BRIAN<br>HALLORAN, THOMAS DUFFY, SEAN<br>MCCANN and CITY OF WORCESTER<br>    Defendants | CIVIL ACTION NO. 05-40075FDS |

## DEFENDANTS' ANSWER

Defendants Robert Turgeon, Stephen Gunnerson, Kevin Johanson, Matthew D'Andrea, Brian Halloran, Thomas Duffy, Sean McCann and the City of Worcester (collectively "Defendants") answer Plaintiff's Complaint as follows:

I.  INTRODUCTION

Paragraph I is an introductory paragraph to which no response is required.

II. PARTIES

1.  Defendants admit the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.  Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.  Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.  Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.  Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Complaint

6. Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of Plaintiff's Complaint.

III. JURISDICTION AND VENUE

10. Paragraph 10 is a jurisdictional statement rather than a factual allegation and, therefore, no answer is required.

11. Paragraph 11 is a statement of venue rather than a factual allegation and, therefore, no answer is required.

IV. FACTS COMMON TO ALL COUNTS

12. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of Plaintiff's complaint.

32. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendants admit that Mr. Houde was arrested by the Worcester Police Department on or about October 8, 2001. Defendants deny the remaining allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Upon information and belief, the Defendants admit the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendants admit that officers approached Mr. Houde's vehicle. Defendants deny the remaining allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Defendants admit the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Defendants admit that criminal charges were brought against Plaintiff. Defendants deny the remaining allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendants admit the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Defendants admit that the officers did not receive medical treatment at a hospital following the altercation with Plaintiff, but state that some of the officers received medical treatment from EMS following the altercation with Plaintiff.

55. Defendants admit that Plaintiff was transported to the police station and to the hospital for treatment, but deny the remaining allegations contained in Paragraph 55 of Plaintiff's Complaint.

56. Defendants admit that Plaintiff was transported to the hospital for treatment, but deny the remaining allegations contained in Paragraph 56 of Plaintiff's Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59. To the extent that the allegations contained within Paragraph 59 call for a legal conclusion, no response is required. Defendants admit, however, that Plaintiff's claim was denied by the City.

60. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of Plaintiff's Complaint.

V.   CAUSES OF ACTION

COUNT I
(Violation of 42 U.S.C.A. 1983, Civil Rights Act v. Robert Turgeon, Stephen Gunnerson, Kevin Johanson, Matthew D'Andrea, Brian Halloran, Thomas Duffy and Sean McCann)

64. Defendants repeat and reallege their answers to paragraphs 1-63 as stated above.

65. Defendants deny the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67. To the extent that the allegations contained within Paragraph 67 call for a legal conclusion, no response is

required. Defendants deny the remaining allegations contained within Paragraph 67 of Plaintiff's Complaint.

68. To the extent that the allegations contained within Paragraph 68 call for a legal conclusion, no response is required. Defendants deny the remaining allegations contained within Paragraph 68 of Plaintiff's Complaint.

## COUNT II
(Intentional Infliction of Emotional Distress v. Robert Turgeon, Stephen Gunnerson, Kevin Johanson, Matthew D'Andrea, Brian Halloran, Thomas Duffy and Sean McCann)

69. Defendants repeat and reallege their answers to paragraphs 1-68 as stated above.

70. Defendants deny the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71. Defendants deny the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73. Defendants deny the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of Plaintiff's Complaint.

## COUNT III
(Intentional Interference With Prospective Business Relationships v. Robert Turgeon, Stephen Gunnerson, Kevin Johanson, Matthew D'Andrea, Brian Halloran, Thomas Duffy and Sean McCann)

75. Defendants repeat and reallege their answers to paragraphs 1-74 as stated above.

76. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78. Defendants deny the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of Plaintiff's Complaint.

## COUNT IV
(Abuse of Process v. Robert Turgeon, Stephen Gunnerson, Kevin Johanson, Matthew D'Andrea, Brian Halloran, Thomas Duffy and Sean McCann)

80. Defendants repeat and reallege their answers to Paragraphs 1-79 as stated above.

81. Defendants admit the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83. Defendants deny the allegations contained in Paragraph 83 of Plaintiff's Complaint.

## COUNT V
(False Imprisonment v. Robert Turgeon, Stephen Gunnerson, Kevin Johanson, Matthew D'Andrea, Brian Halloran, Thomas Duffy and Sean McCann)

84. Defendants repeat and reallege their answers to Paragraphs 1-83 as stated above.

85. Defendants deny the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88. Defendants deny the allegations contained in Paragraph 88 of Plaintiff's Complaint.

## COUNT VI
(Assault and Battery v. Robert Turgeon, Stephen Gunnerson, Kevin Johanson, Matthew D'Andrea, Brian Halloran, Thomas Duffy and Sean McCann)

89. Defendants repeat and reallege their answers to Paragraphs 1-88 as stated above.

90. Defendants deny the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91. Defendants deny the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92. Defendants deny the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93. Defendants deny the allegations contained in Paragraph 93 of Plaintiff's Complaint.

## COUNT VII
(Libel v. Robert Turgeon)

94. Defendants repeat and reallege their answers to Paragraphs 1-93 as stated above.

95. Defendants deny the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96. Defendants deny the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97. Defendants deny the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98. Defendants deny the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99. Defendants deny the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100. Defendants deny the allegations contained in Paragraph 100 of Plaintiff's Complaint.

<u>COUNT VIII</u>
(Violation of 42 U.S.C.A. 1983, Civil Rights Act
v. City of Worcester)

101. Defendants repeat and reallege their answers to Paragraphs 1-100 as stated above.

102. Defendants deny the allegations contained in Paragraph 102 of Plaintiff's Complaint.

103. Defendants deny the allegations contained in Paragraph 103 of Plaintiff's Complaint.

104. Defendants deny the allegations contained in Paragraph 104 of Plaintiff's Complaint.

105. Defendants deny the allegations contained in Paragraph 105 of Plaintiff's Complaint.

Defendants demand a trial by jury on all counts so triable.

WHEREFORE, the Defendants seek judgment in their favor dismissing Plaintiff's Complaint and awarding them the costs of defending this action including attorney's fees.

<u>FIRST AFFIRMATIVE DEFENSE</u>

The Defendants, their agents, servants and/or employees, at all times acted in good faith.

<u>SECOND AFFIRMATIVE DEFENSE</u>

The conduct of the Defendants, their agents, servants and employees was at all times justified.

<u>THIRD AFFIRMATIVE DEFENSE</u>

The Defendants, their agents, servants and employees, at all times acted reasonably.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

If the Plaintiff suffered any injury or damage as alleged, such damage was caused by acts or omissions of a third party over whom Defendants had no control.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state any claim upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

Defendants, their agents, servants, and employees, at all times acted legally.

## SEVENTH AFFIRMATIVE DEFENSE

Any damage incurred by the Plaintiff as alleged was the result of Plaintiff's own intentional conduct and Plaintiff is, therefore, barred from recovery.

## EIGHTH AFFIRMATIVE DEFENSE

The actions of the Defendants alleged in the Complaint were neither the proximate nor the actual cause of any damage suffered by the Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

The Defendants reserve their right to recover costs and attorneys' fees for those counts which are frivolous and set forth in bad faith.

## TENTH AFFIRMATIVE DEFENSE

Defendants state that the injuries or damages alleged in Plaintiff's Complaint were caused in whole or in part by Plaintiff's violation of the various statutes, ordinances and regulations governing the conduct of the parties at the time said injuries or damages were sustained.

## ELEVENTH AFFIRMATIVE DEFENSE

The individual Defendants state that their actions were performed according to and protected by law and/or legal process, and that, therefore, Plaintiff cannot recover.

## TWELFTH AFFIRMATIVE DEFENSE

The individual Defendants are entitled to immunity based upon good faith in that the alleged harm suffered by the Plaintiff was not a result which a reasonable person in Defendants' position would have known to result from their actions.

## THIRTEENTH AFFIRMATIVE DEFENSE

The individual Defendants state that, at all times relevant hereto, they acted without malice toward the Plaintiff and that their actions relative to the Plaintiff were privileged by virtue of their acting reasonably and in good faith within the scope of their authority as police officers.

## FOURTEENTH AFFIRMATIVE DEFENSE

The individual Defendants have qualified immunity from this suit as alleged acts complained of occurred within the scope of the Defendants' official duties and the Defendants have no knowledge that said alleged acts were illegal and/or unconstitutional nor were said alleged acts clearly violative of the Plaintiff's rights at the time that they were committed.

## FIFTEENTH AFFIRMATIVE DEFENSE

At all times relevant hereto, the individual Defendants were police officers acting within the scope of their authority, and if physical contact was made between Defendants and Plaintiff, such conduct was a fair and reasonable exercise of the Defendants' police powers and the Defendants are, therefore, immune from liability and/or an award of monetary damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

The acts complained of occurred within the scope of the individual Defendants' official duties and Defendants had no knowledge that said acts were illegal and/or unconstitutional nor were said acts clearly violative of the Plaintiff's rights.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to bring his claim within the applicable statute of limitations and, therefore, his claim is barred.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants state that Plaintiff's Complaint fails to state a claim under 42 U.S.C. § 1983 as the conduct alleged in Plaintiff's Complaint does not involve any particular right arising under the United States Constitution, and further that no violation of any constitutional right has been pleaded with the requisite particularity, and, therefore, counts purporting to allege such violation must be dismissed.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to effectuate proper service on the Defendants and, therefore, the action against them must be dismissed.

### TWENTIETH AFFIRMATIVE DEFENSE

The Defendants are not liable for damages because any conduct by Defendants, their employees or agents, in connection with the matter alleged in the Complaint was discretionary within the scope of their authority as a public official and performed in good faith.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to allege a cause of action for libel.

### TWENTH-SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege or identify the specific words or statements that form the substance of his libel action.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Official statements in the form of a police report are privileged, and cannot be grounds for a cause of action for libel.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant Robert Turgeon did not publish a false and defamatory statement of and concerning Plaintiff.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant Robert Turgeon was not negligent in ascertaining the truth of the alleged statements.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The alleged publication did not discredit Plaintiff in the minds of any considerable and respectable member of the community.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer actual injury or harm as a result of the alleged publication of defamatory and libelous statements.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege a cause of action for intentional interference with prospective business relationships.

### TWENTH-NINTH AFFIRMATIVE DEFENSE

Defendants did not induce a third party to discontinue a contractual or business relationship with Plaintiff.

### THIRTIETH AFFIRMATIVE DEFENSE

Defendants acted with a lawful purpose.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to allege Defendants were motivated solely by malice or effected the alleged interference by unlawful means.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

There was no prospective "business" relationship between Plaintiff and a third party with which to interfere.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

There was no proximate causal connection between Defendants' conduct and the alleged impairment to or loss of the reasonable expectancy of economic gain from Plaintiff's business relationship with a third party.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff suffered no damage or loss as a result of Defendants' alleged interference with Plaintiff's business relationship with the third party.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Defendants' conduct was privileged.

CITY OF WORCESTER, ROBERT TURGEON,
STEPHEN GUNNERSON, KEVIN JOHANSON,
MATTHEW D'ANDREA, BRIAN HALLORAN,
THOMAS DUFFY and SEAN MCCANN

By their attorneys

David M. Moore
City Solicitor

Janet J. McGuiggan (BBO#630013)
Assistant City Solicitor
City Hall, Room 301
455 Main Street
Worcester, MA  01608
(508) 799-1161

15

CERTIFICATE OF SERVICE

I, Janet J. McGuiggan, hereby certify that I caused a copy of the attached Defendants' Answer to be served upon all parties by mailing a copy of the same, postage prepaid, to Timothy J. Perry, Esquire, Preti Flaherty LLP, 10 High Street, Suite 502, Boston, MA 02110 this 13th day of September, 2005.

Janet J. McGuiggan
Assistant City Solicitor