UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

_____
                                    )
DANIEL HOUDE,                       )
                                    )
            Plaintiff,              )
                                    )
v.                                  )   C.A. NO. 05-40075FDS
                                    )
ROBERT TURGEON, STEPHEN GUNNERSON,  )
KEVIN JOHANSON, MATTHEW D'ANDREA,   )
BRIAN HALLORAN, THOMAS DUFFY,       )
SEAN MCCANN and CITY OF WORCESTER   )
                                    )
                                    )
            Defendants.             )
_____ )

**PLAINTIFF, DANIEL HOUDES',
MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Now comes the Plaintiff, Daniel Houde ("Plaintiff"), by and through counsel, pursuant to Rules 26, 34 and 37 of the Federal Rules of Civil Procedure, hereby moves to compel the production of documents by Defendant City of Worcester ("Defendant"). Requests for production of documents were timely served upon Defendant and Defendant timely responded and produced certain documents. Defendant's productions, however, failed to include all responsive documents to Plaintiff's requests. After good faith attempts between all counsel to narrow the areas of dispute regarding document production, two areas of dispute remain: (1) Plaintiff's request for complete personnel files for all officers named as Defendants in this action; and (2) Plaintiff's request for all complaints, judgments and settlement agreements in civil rights lawsuits filed against the City of Worcester since 2001. See correspondence attached as Exhibit 1.

I.    **PERSONNEL FILES**

Defendants refuse to produce personnel files it maintains for the Defendant police officers. Plaintiff's counsel offered to enter a Confidentiality Agreement to remedy Defendants' confidentiality concerns, including a reasonable "Attorney Eyes Only" provision, but Defendants continue their objection to production. *See* Exhibit 1. Police personnel files, and the civilian complaints contained therein, are not only discoverable, buy may be admissible at trial regarding the issue of supervisory negligence. *See Gutierrez-Rodriguez v. Cartagena,* 882 F.2d 553, 573 (1st Cir. 1989).

The production of officer personnel files has, of course, arisen in previous Section 1983 actions such as the one before the Court. For example, in *Spell v. McDaniel,* the Eastern District of North Carolina encountered a nearly identical situation, wherein the Defendants objected to producing material relating to production of information in personnel files, such as incidents of misconduct and abuse by Defendant police officers. *Spell v. McDaniel*, 591 F. Supp. 1090, 1113 (1984). The Court noted that Defendants objection was without merit, and opined that:

> "[p]laintiff claims this information is relevant to demonstrate a repetitive pattern of violent behavior and unreasonable use of force by numerous Fayetteville police officers. In addition, plaintiff contends the information will show that the supervisory defendants knew or should have known of this pattern of assaultive behavior and failed to take reasonable steps to investigate and prevent it. The information is critical, plaintiff argues, if he is to have any chance of success on his claim of municipal liability. The court agrees.
>
> Under § 1983, the extent of supervisors' knowledge of and participation in the acts of their subordinates determines the scope of their liability and ipso facto the municipality's liability. The essence of plaintiff's complaint is that the

2

>    supervisory defendants were grossly negligent or deliberately
>    indifferent in failing to provide adequate training, supervision
>    and discipline to officers on the police force, including
>    McDaniel. To prove this allegation, the court agrees with
>    plaintiff that it would be high relevant, indeed critical, to
>    establish what the defendants knew regarding allegations of
>    police brutality and when they knew it. See Culp v. Devlin, 78
>    F.R.D. 136 (E.D.Pa. 1978); Norton v. McKeon, 444 F. Supp. 384
>    (E.D.Pa. 1977). Neither plaintiff nor defendants suggest any
>    other source for information which would shed light upon the
>    supervisory defendants' possible knowledge and concomitant
>    responsibility in this case.
>
>    The basic problem with defendants' objection is that it
>    fundamentally disregards the theories underlying plaintiff's
>    case. *Culp v. Devlin*, 78 F.R.D. at 141. Therefore, on relevancy
>    grounds this court agrees with the vast majority of courts which
>    have considered the issue and OVERRULES defendants' objections.
>    See, e.g., *Mercy v. County of Suffolk*, 93 F.R.D. 520 (E.D.N Y
>    1982); *Dykes v. Morris*, 85 F.R.D. 373 (N.D.Ill. 1980); *Dos Santos
>    v. O'Neill*, 62 F.R.D. at 451; *Crawford v. Dominic*, 469 F. Supp. 260
>    (E.D.Pa. 1979); *Wood v. Breier*, 54 F.R.D. at 13.

*Spell v. McDaniel,* 591 F. Supp. 1090, 1113 (1984).

The New York District Courts have similarly held that "[c]ourts have recognized that an officer's police department files are entitled to minimal privacy in a civil rights lawsuit; a police officer's 'privacy interest in nondisclosure of professional records should be especially limited in view of the role played by the police officer as a publice servant who must be accountable to public review." *King v. Conde,* 121 F.R.D. 180, 191 (E.D.N.Y. 1988).  Although the Court may give appropriate weight to any compelling state policy interest, the overriding interest in a case involving allegations of constitutional torts is full disclosure of information that is pertinent to an assessment of the merits of the claims and defenses.  *See Burke v. New York City Police* Dep't, 115 F.R.D. 220, 225 (S.D.N.Y. 1987).

Indeed, the Western District of New York released such documents under a confidentiality much like the one Plaintiff proposed to Defendant, which stated in sum that:

> (1) The documents are to be marked confidential.
>
> (2) The documents are to be produced to plaintiff's counsel "for attorneys eyes only;" except as stated below, the documents may not be disclosed to the plaintiff or any other party or non-party without Court order.
>
> (3) The documents may only be used in connection with this litigation. The documents may not be attached to any publically filed document or papers in this matter. Any documents containing information taken from these documents shall be filed under seal.
>
> A document may be used during the deposition of the author or recipient of the document. However, the parties shall take steps to seal any portions of depositions referring to information taken from these documents.
>
> (4). The documents shall be returned by the plaintiff to the Chautauqua County Department of Social Services upon the conclusion of this litigation. The plaintiff shall not make or retain any copies of these documents.

*Hallquist v. Chautauqua County,* No. 04CV827A (W.D.N.Y. 2005).

In *Frankenhauser v. Rizzo,* Judge Becker set forth the following comprehensive list of the considerations that are potentially relevant to a judicial decision about disclosure of police materials:

> In the context of discovery of police investigation files in a civil rights case, however, at least the following considerations should be examined: (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the

4

> government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which government self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case.

59 F.R.D. 339, 344 (E.D. Pa. 1973).  Considering the factors denoted above, and the strong case law precedent favoring disclosure, the facts in this case warrant an order from this Court mandating the City of Worcester's production of personnel files for those police officers named as Defendants.  As set forth above, Plaintiff is willing to abide by any reasonable confidentiality order that the Court deems just in order to protect the rights of the Defendant officers.

**II.        LITIGATION DOCUMENTS**

In its request for production of documents, Plaintiff also requested all documents relating to other civil rights actions against the City of Worcester.  Plaintiff has since agreed to limit its request to "civil rights complaints, judgments and settlements" against the City of Worcester or the named Defendants.  Such documents are discoverable, even if not admissible, pursuant to the expansive discovery umbrella set forth in Federal Rule of Civil Procedure 26 and the case law discussing same.  *See Cox v. McLellan*, 174

F.R.D. 32, 34-35 (W.D.N.Y June 11, 1997) (permitting discovery of prior similar complaints, although recognizing that such evidence may not be admissible under Fed. Rule 403 and 404 (b)).  Defendant refuses to produce these documents, presumably, to force Plaintiff to perform burdensome and expensive searches and copying of prior and pending cases against Defendants.  This position is unnecessary and inconsistent with the Federal Rules.

### III.    CONCLUSION

For the reasons stated herein, Plaintiff's motion to compel should be allowed.

WHEREFORE, Plaintiff requests that this Honorable Court Order Defendants to produce personnel files for all police officer Defendants and to provide all civil rights complaints, judgments and settlements relating to the City of Worcester or the named Defendants since January 1, 2001.

Respectfully submitted,

DANIEL HOUDE,

By his attorneys,

/s/ Gregory Donoghue
Timothy J. Perry (BBO#631397)
Gregory T. Donoghue (BBO#661480)
PRETI FLAHERTY BELIVEAU & PACHIOS LLP
10 High Street, Fifth Floor
Boston, MA  02110
TEL (617) 226-3800
FAX (617) 226-3801

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date a true copy of the above document was served upon counsel of record via pre-paid First Class, United States Mail.

Dated: June 23, 2006         /s/ Gregory T. Donoghue
                             Gregory T. Donoghue

## **Local Rule 7.1 (A) (2) Certificate**

I hereby certify that, Counsel for Plaintiff conferred with counsel for Defendants, Janet McGuiggan, via conference and correspondence, in a good faith effort to resolve or narrow the issues in dispute in this motion and did eliminate some issues from this motion, but require judicial intervention with regards to the issues addressed herein.

Dated: June 23, 2006         /s/ Gregory T. Donoghue
                             Gregory T. Donoghue

**PretiFlaherty**

GREGORY T. DONOGHUE
gdonoghue@preti.com

June 16, 2006

**VIA FAX AND U.S. MAIL**

Janet J. McGuiggan, Esq.
City of Worcester Law Department
City Hall, Room 301
455 Main Street
Worcester, MA 01608

    RE:    Houde v. City of Worcester, No.: 05-40075
              Production of Documents

Dear Attorney McGuiggan :

      As Tim had mentioned during the last status conference, we are contemplating filing a motion to compel the production of the following documents:

- all filings for other cases of this nature filed against the Worcester Police Department in the last five years;

- any warrants, investigation reports, incident reports, arrest reports or other documents in the Worcester Police Department's possession, custody or control which refer, relate or pertain to Daniel Houde; and

- complete personnel files for all officers named as defendants in this action.

      I would like to avoid filing a motion to compel production of these documents, or, at the very least, narrow the subject matter of such a motion pursuant to the applicable local and federal rules. I would like to speak about these documents, and, if you are willing, determine which documents you would voluntarily produce. Hopefully, we can have discussion to narrow the subject matter of any necessary motion to compel. Kindly send me an e-mail or call to schedule a time that is convenient for us to speak about these matters. I appreciate your attention to this matter.

Best regards,

Gregory T. Donoghue

cc:    Timothy J. Perry, Esq.

```
                                 ****************
                                 *** TX REPORT ***
                                 ****************

JOB NO.                  1993
ST. TIME                 06/16 15:56
PGS.                     2
SEND DOCUMENT NAME

TX/RX INCOMPLETE         -----
TRANSACTION OK           915087991163
ERROR                    -----
```

# PretiFlaherty

Preti, Flaherty, Beliveau, Pachios & Haley, LLP
10 High Street, Suite 502
Boston MA 02109
617.226.3800  FAX 617.226.3801

## FAX COVER SHEET

| | | | |
|---|---|---|---|
| Client/Matter No: | Houde v. City of Worcester | Date: | June 16, 2006 |
| Pages (Including Cover): | 2 | Time: | 4:00 P.M. |

| NAME | COMPANY / FIRM | FAX NO. |
|---|---|---|
| Janet J. McGuiggan | City of Worcester Law Department | 508-799-1163 |

FROM:   Gregory T. Donoghue

COMMENTS:

The original will follow by mail.

If you do not receive all of the pages or have other transmission problems, please immediately call back:

# PretiFlaherty

**Preti, Flaherty, Beliveau, Pachios & Haley, LLP**
10 High Street, Suite 502
Boston MA 02109
617.226.3800  Fax 617.226.3801

## FAX COVER SHEET

| | | | |
|---|---|---|---|
| Client/Matter No: | Houde v. City of Worcester | Date: | June 16, 2006 |
| Pages (Including Cover): | 2 | Time: | 4:00 P.M. |

| NAME | COMPANY / FIRM | FAX NO. |
|---|---|---|
| Janet J. McGuiggan | City of Worcester Law Department | 508-799-1163 |

FROM:   Gregory T. Donoghue

COMMENTS:

The original will follow by mail.

If you do not receive all of the pages or have other transmission problems, please immediately call back:
Gregory T. Donoghue at 617.226.3800

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

**PretiFlaherty**

TIMOTHY J. PERRY
tperry@preti.com

**VIA FAX AND U.S. MAIL**

Janet J. McGuiggan, Esq.
City of Worcester Law Department
City Hall, Room 301
455 Main Street
Worcester, MA 01608

      RE:    Houde v. City of Worcester, No.: 05-40075
                Production of Documents

Dear Attorney McGuiggan :

      As you know, we have attempted to resolve discovery disputes with you through a letter dated June 16, 2006 and through our conference today. As a result of those attempts, you have agreed to produce:

- any warrants in possession of the Worcester Police Department as well as any investigation reports, incident reports, arrest reports or other documents in the Worcester Police Department's possession, custody or control which refer, relate or pertain to Daniel Houde.

We were unable to agree to the voluntary production of:

- all filings for other cases of this nature filed against the Worcester Police Department in the last five years;

- complete personnel files for all officers named as defendants in this action.

      In order to avoid a discovery dispute on the above, I agree to accept only civil rights complaints, judgments and settlement agreements in regard to the first request and would agree to execute a confidentiality agreement (including a reasonable attorney's eyes only provision) with regards to the second request. Nonetheless, defendants do not agree to produce any documents without Court Order from the second two categories.

      We shall file a motion to compel today on the remaining issues. Thank you for your consideration.

Very truly yours,

Timothy J. Perry

Preti Flaherty Beliveau & Pachios LLP    Attorneys at Law

10 High Street, Fifth Floor | Boston, MA 02110 | TEL 617.226.3800 | FAX 617.226.3801

Augusta    Bath    Boston    Concord    Portland                                                          www.preti.com

```
                            ****************
                            *** TX REPORT ***
                            ****************

JOB NO.                 2016
ST. TIME                06/23 13:56
PGS.                    2
SEND DOCUMENT NAME

TX/RX INCOMPLETE        -----
TRANSACTION OK          915087991163
ERROR                   -----
```

# PretiFlaherty

Preti, Flaherty, Beliveau, & Pachios, LLP
10 High Street, Suite 502
Boston MA 02109
617.226.3800  FAX 617.226.3801

## FAX COVER SHEET

| | | |
|---|---|---|
| Client/Matter No: | | Date: June 23, 2006 |
| Pages (Including Cover): | | Time: |

| NAME | COMPANY / FIRM | FAX NO. |
|---|---|---|
| Janet J. McGuiggan | City of Worcester Law Department | 508-799-1163 |

FROM:   Timothy J. Perry

If you do not receive all of the pages or have other transmission problems, please immediately call back:

# PretiFlaherty

**Preti, Flaherty, Beliveau, & Pachios, LLP**
10 High Street, Suite 502
Boston MA 02109
617.226.3800  FAX 617.226.3801

## FAX COVER SHEET

| Client/Matter No: | | Date: | June 23, 2006 |
| Pages (Including Cover): | | Time: | |

| NAME | COMPANY / FIRM | FAX NO. |
|------|----------------|---------|
| Janet J. McGuiggan | City of Worcester Law Department | 508-799-1163 |

FROM:   Timothy J. Perry

If you do not receive all of the pages or have other transmission problems, please immediately call back:
Gregory T. Donoghue at 617.226.3800

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.