UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

```
DANIEL HOUDE,                        )
     Plaintiff                       )
                                     )
v.                                   )     CIVIL ACTION NO. 05-40075FDS
                                     )
ROBERT TURGEON, STEPHEN              )
GUNNERSON, KEVIN JOHANSON,           )
MATTHEW D'ANDREA, BRIAN              )
HALLORAN, THOMAS DUFFY, SEAN         )
MCCANN and CITY OF WORCESTER,        )
     Defendants                      )
```

DEFENDANT CITY OF WORCESTER'S OPPOSITION
TO PLAINTIFF'S MOTION TO
COMPEL PRODUCTION OF DOCUMENTS

Defendant City of Worcester ("the City") hereby opposes Plaintiff, Daniel Houde's, Motion to Compel Production of Documents ("Motion"). Plaintiff asks this Court to compel production of the following documents: 1) the complete personnel files for all officers named as Defendants in this action; and 2) all complaints, judgments and settlement agreements in civil rights lawsuits filed against the City of Worcester since 2001.

In support of this opposition, the City states as follows:

1. After reviewing Plaintiff's document requests propounded to the City of Worcester, it appears that Plaintiff never made document requests seeking the categories of documents enumerated above. (See Plaintiff, Daniel Houde's, First Request for Production of Documents Propounded Upon City of Worcester,

attached hereto as Exhibit A.)  Instead, Plaintiff mailed a letter on June 16, 2006 demanding production of various documents and asking to confer regarding the same.  (See a copy of Plaintiff's letter dated June 16, 2006, attached hereto as Exhibit B.)  Plaintiff sent a second letter on June 23, 2006 memorializing the fact that the City would not produce the requested documents and advising that Plaintiff would be filing a motion to compel the same.  (See a copy of Plaintiff's letter dated June 23, 2006, attached hereto as Exhibit C.)  Now Plaintiff seeks an order to compel the City to comply with the letters.  The Federal Rules of Civil Procedure do not recognize a letter as a vehicle for discovery.  In the absence of a Rule 34 document request, Plaintiff's Motion is not ripe.

    2.   The requested documents are overbroad in scope, and, as to the complaints, judgments and settlement agreements in civil rights lawsuits filed against the City of Worcester since 2001, unduly burdensome to provide.  Moreover, as to the records of civil rights lawsuits, said records, with the exception of settlement agreements, are as readily obtainable to Plaintiff as they are to Defendants in that they can be accessed via both the state and federal court's online computer systems.

    Additionally, Plaintiff has been advised that there have been no judgments against the City in civil rights actions within the requested timeframe with one exception in a case

where the judgment has since been overturned.  Therefore, the requested documents simply evidence unproven allegations of misconduct, which are inadmissible at trial and which are not reasonably calculated to lead to the discovery of admissible evidence.  Similarly, settlement agreements are inadmissible at trial and they are not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, compelling the City to produce settlement agreements in civil rights litigation, or any litigation, would undoubtedly discourage settlement in future actions, which is contrary to the well-settled principle that settlement should be encouraged.

    3.   As to the requested personnel files, the individual Defendants have a privacy interest in those records and some of the documents contained therein may be subject to privilege.  Notably, Plaintiff's request is not limited to the individual Defendants' record of complaints and/or discipline arising out of allegations of excessive force such as those made in the case at bar.  Rather, Plaintiff requests <u>all</u> personnel records which would include such records as sick and vacation time usage.  Such a request is overly broad in scope and not reasonably calculated to lead to the discovery of admissible evidence.

    WHEREFORE, the City opposes Plaintiff, Daniel Houde's, Motion to Compel Production of Documents.

CITY OF WORCESTER

By its attorneys,

David M. Moore
City Solicitor


/s/ Janet J. McGuiggan
Janet J. McGuiggan (BBO#630013)
Assistant City Solicitor
City Hall, Room 301
455 Main Street
Worcester, MA  01608
(508) 799-1161

CERTIFICATE OF SERVICE

    I, Janet J. McGuiggan, hereby certify that I served upon all parties of record the within Defendant City of Worcester's Opposition to Plaintiff's Motion to Compel Production of Documents via this Court's ECF electronic filing system on this 3d day of July, 2006 and via U.S. Mail, postage prepaid, on the 5th day of July, 2006.


/s/ Janet J. McGuiggan
Assistant City Solicitor