

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DANIEL HOUDE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT TURGEON, STEPHEN GUNNERSON, )<br>KEVIN JOHANSON, MATTHEW D'ANDREA, )<br>BRIAN HALLORAN, THOMAS DUFFY, )<br>SEAN MCCANN and CITY OF WORCESTER )<br>)<br>)<br>Defendants. )<br>) | C.A. NO. 05-40075FDS |

**PLAINTIFF, DANIEL HOUDE'S, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED UPON CITY OF WORCESTER**

Now comes the Plaintiff in the above-entitled matter and pursuant to Fed. R. Civ. P. 34 and 26, requests that the Defendant produce documents or other items for inspection and copying which are hereinafter set forth. Documents or other items requested are to be produced at the offices of the attorneys for the Plaintiff, PRETI, FLAHERTY, BELIVEAU, PACHIOS & HALEY, 10 High Street, Suite 502, Boston, MA 02110, within thirty (30) days of service hereof.

**RESPONSE PROCEDURE**

The recipient of this request may comply with this request by forwarding a copy of any document or other item requested to counsel for the Plaintiff postmarked prior to the date for which production has been designated. You may also comply with this

request by making documents or items available to the attorney for inspection and copying.

## DEFINITIONS

1. The documents requested for production include those in the possession, custody, or control of you, your agents, your representatives, or your attorneys.

2. Unless otherwise indicated, these requests refer to the time, place, and circumstances of the occurrences described in the Complaint in the above-captioned lawsuit and responsive documents are sought for the period from January 1, 1998 to the present.

3. The term "document" refers to all writings of any kind, including the original and all nonidentical copies, whether different from the original by reason of any notation made on such copies or otherwise, including without limitation correspondence, memoranda, notes, diaries, statistics, letters, materials, invoices, orders, directives, interviews, telegrams, minutes, reports, studies, statements, transcripts, summaries, pamphlets, books, interoffice and intra-office communications, notations of any sort of conversations or telephone calls or meetings or other communications, bulletins, printed matter, teletype, telefacsimile, worksheets, and all drafts, alterations, modifications, changes, and amendments of any of the foregoing, and graphic or aural representation of any kind, including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, and motion pictures, and electronic or mechanical or electrical recordings or representation of any kind, including without limitation, tapes, cassettes, cartridges, disks, chips, and records.

4. Copies, if authenticated, of the original documents may be supplied in response.

5. Each request requires a separate response; however, a document which is responsive to more than one request, may, if the relevant portions is so indicated or indexed, be produced once and referenced in subsequent responses.

6. Each request refers to all documents that are either known by you to exist or that can be located or discovered by your reasonably diligent efforts.

7. For requests referring to policies, practices, criteria, methods, standards, or regulations, please include the corporate, and, if different, departmental documents.

8. Please note that you are under a continuing duty, pursuant to Fed. R. Civ. P. 26 and 34, to supplement your response seasonable with documents obtained subsequent to the preparation and filing of your initial responses to this request.

9. The term "Complaint" shall refer to the Complaint and/or any Amended Complaint filed by the Plaintiff in the above-captioned lawsuit.

10. In the event that you object to or claim a privilege with respect to any Instruction or Request for Production, in whole or in part, you are requested to produce all documents (or portions thereof) requested in that portion of the Request for Production as to which you have not objection or claim of privilege. In addition, where a responsive document contains portions that you believe are protected from discovery, you must produce the document with the portion you claim to be protected redacted.

11. With respect to each responsive document withheld from production pursuant to a claim of attorney-client privilege, attorney work product, or any other privilege or protection, please state or identify: (i) the date of the document; (ii) the document's

author(s) or originator(s); (iii) the title of the author(s) or originator(s); and (iv) the subject matter of the documents.

12. If a responsive document was in your possession, but no longer is in your possession, custody or control, please identify that document and state whether any such document (i) is missing or lost; (ii) has been destroyed and in either instance, please describe the details surrounding the disposition of the document.

13. The use of the singular includes the plural and the use of the plural includes the singular.

14. As used herein, the word "and" and the word "or" separately shall, unless the context does not permit such a construction, be construed to mean "and/or."

15. As used herein, the word "you" the word "your" shall, unless the context does not permit such a construction, be construed to mean the particular defendant referenced in this request.

## **REQUESTS**

1. Any documents in your possession, custody, or control that concern, refer or relate to the incident described in the Complaint.

2. Any documents in your possession, custody, or control that constitute, concern, refer or relate to an analysis of the propriety of actions taken by any Worcester police officer(s) as alleged in the Complaint.

3. Any documents in your possession, custody, or control that constitute, concern, refer or relate to a crime scene investigation of the location set forth in the Complaint.

4. Any documents in your possession, custody, or control that constitute, concern, refer or relate to any Worcester police officer interaction with Daniel Houde.

5. Any videotape containing footage of incidents or interactions that constitute, refer, relate, or pertain to the incident alleged in the Complaint.

6. Any documents in your possession, custody, or control that constitute, concern, refer or relate to the use of force by a police officer.

7. Any documents in your possession, custody, or control that constitute, concern, refer or relate to the use of deadly force by a police officer.

8. Any documents in your possession, custody, or control that constitute, concern, refer or relate to any injuries or medical leaves taken by Worcester police officers involved with the incident in the Complaint.

9. Any documents in your possession, custody, or control that constitute, concern, refer or relate to any training of police officers employed by the Town of Worcester.

10. Any documents in your possession, custody, or control that constitute, concern, refer or relate to any incident involving a Worcester police officer and Daniel Houde.

11. Any documents in your possession that refer, relate, or pertain to your training on the use of force.

12. Any documents in your possession, custody, or control that constitute, concern, refer or relate to complaints about a Worcester police officer named as a defendant in the above captioned lawsuit.

13. Any documents in your possession, custody, or control that constitute, concern, refer or relate to the treatment or diagnoses of any Worcester police officer involved with the incident set forth in the Complaint.

14. Any documents in your possession, custody, or control that constitute, concern, refer or relate to the treatment or diagnoses of the plaintiff, Daniel Houde.

15. Any documents that constitute, concern, refer or relate to any communications of any nature by the Defendant, Town of Worcester, to any other individual, business, or entity that relate, refer or pertain to the incident referred to in the Complaint.

16. All documents upon which you relied in preparing your answers to Plaintiff's First Set of Interrogatories.

17. Any and all documents that constitute, concern, refer or relate to any affirmative defense you raised to the Complaint in this matter.

18. Any and all documents that constitute, concern, refer or relate to any adverse action taken against you by any local, state or federal authority from January 1998 - present.

19. Any and all documents you have authored since January 1, 1998, that refer or relate to Daniel Houde.

20. Any documents that constitute, concern, refer or relate to communications between you and any experts consulted by you in this matter.

21. All documents and/or things that you intend to offer as exhibits at trial in this action.

**EXHIBIT B**

**Preti**Flaherty

GREGORY T. DONOGHUE
gdonoghue@preti.com

June 16, 2006

**VIA FAX AND U.S. MAIL**

Janet J. McGuiggan, Esq.
City of Worcester Law Department
City Hall, Room 301
455 Main Street
Worcester, MA 01608

    RE:    **Houde v. City of Worcester, No.: 05-40075**
            **Production of Documents**

Dear Attorney McGuiggan :

    As Tim had mentioned during the last status conference, we are contemplating filing a motion to compel the production of the following documents:

- all filings for other cases of this nature filed against the Worcester Police Department in the last five years;

- any warrants, investigation reports, incident reports, arrest reports or other documents in the Worcester Police Department's possession, custody or control which refer, relate or pertain to Daniel Houde; and

- complete personnel files for all officers named as defendants in this action.

    I would like to avoid filing a motion to compel production of these documents, or, at the very least, narrow the subject matter of such a motion pursuant to the applicable local and federal rules. I would like to speak about these documents, and, if you are willing, determine which documents you would voluntarily produce. Hopefully, we can have discussion to narrow the subject matter of any necessary motion to compel. Kindly send me an e-mail or call to schedule a time that is convenient for us to speak about these matters. I appreciate your attention to this matter.

Best regards,

Gregory T. Donoghue

cc:    Timothy J. Perry, Esq.

**Preti Flaherty Beliveau & Pachios LLP**    Attorneys at Law

10 High Street, Fifth Floor | Boston, MA 02110 | TEL 617.226.3800 | FAX 617.226.3801

Augusta    Bath    Boston    Concord    Portland    www.preti.com

# EXHIBIT C

**PretiFlaherty**

TIMOTHY J. PERRY
tperry@preti.com

**VIA FAX AND U.S. MAIL**

Janet J. McGuiggan, Esq.
City of Worcester Law Department
City Hall, Room 301
455 Main Street
Worcester, MA 01608

      RE:    Houde v. City of Worcester, No.: 05-40075
               Production of Documents

Dear Attorney McGuiggan :

    As you know, we have attempted to resolve discovery disputes with you through a letter dated June 16, 2006 and through our conference today. As a result of those attempts, you have agreed to produce:

- any warrants in possession of the Worcester Police Department as well as any investigation reports, incident reports, arrest reports or other documents in the Worcester Police Department's possession, custody or control which refer, relate or pertain to Daniel Houde.

We were unable to agree to the voluntary production of:

- all filings for other cases of this nature filed against the Worcester Police Department in the last five years;

- complete personnel files for all officers named as defendants in this action.

    In order to avoid a discovery dispute on the above, I agree to accept only civil rights complaints, judgments and settlement agreements in regard to the first request and would agree to execute a confidentiality agreement (including a reasonable attorney's eyes only provision) with regards to the second request. Nonetheless, defendants do not agree to produce any documents without Court Order from the second two categories.

    We shall file a motion to compel today on the remaining issues. Thank you for your consideration.

Very truly yours,

Timothy J. Perry

**Preti Flaherty Beliveau & Pachios LLP**    Attorneys at Law

10 High Street, Fifth Floor | Boston, MA 02110 | TEL 617.226.3800 | FAX 617.226.3801

Augusta    Bath    Boston    Concord    Portland    www.preti.com