```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|   |   |
|---|---|
| DANIEL HOUDE,<br>    Plaintiff<br><br>v.<br><br>ROBERT TURGEON, STEPHEN<br>GUNNERSON, KEVIN JOHANSON,<br>MATTHEW D'ANDREA, BRIAN<br>HALLORAN, THOMAS DUFFY, SEAN<br>MCCANN and CITY OF WORCESTER<br>    Defendants | C.A. NO. 05-40075FDS |

<u>DEFENDANTS' ROBERT TURGEON, STEPHEN GUNNERSON,
KEVIN JOHANSON, MATTHEW D'ANDREA,
BRIAN HALLORAN, THOMAS C. DUFFY, SEAN MCCANN
AND CITY OF WORCESTER'S MOTION TO
EXTEND SUMMARY JUDGMENT DEADLINE
AND SUBSEQUENT SCHEDULING ORDER DEADLINES</u>

Defendants Robert Turgeon, Stephen Gunnerson, Kevin Johanson, Matthew D'Andrea, Brian Halloran, Thomas C. Duffy, Sean McCann and City of Worcester ("Defendants") hereby move this Court to extend the following scheduling order deadlines and hearing dates: 1) summary judgment motion filing deadline from October 31, 2006 to February 12, 2007; 2) summary judgment hearing deadline from December 12, 2006 to March 12, 2007, or any date convenient for the Court; and 3) pretrial conference from January 11, 2007 to April 11, 2007, or any date convenient for the Court. As grounds for this Motion, the Defendants state that the case was referred to Magistrate Judge Hillman for mediation in June 2006, and the case was mediated in October

2006.[1]  After mediation, the case was held by Magistrate Judge Hillman in the hopes that the parties could continue settlement talks and possibly dispose of the matter.  However, as of the date of this Motion, the parties have not been able to settle the matter, and the case was formally referred out of Magistrate Judge Hillman's session on December 7, 2006.  In light of this procedural posture, and as a result of numerous other scheduling conflicts arising primarily out of cases filed in this session of the United States District Court (see Affidavit of Defendants' counsel attached hereto as Exhibit A), the Defendants now respectfully request the above-listed extensions.

Moreover, Defendants state that discovery has revealed that one or more Defendants should no longer be a party to this action, as they were only peripherally involved in the primary incident that gives rise to Plaintiff's Complaint.[2]  And,

---

[1] In the interim, between June and October, Plaintiff's filed a discovery motion, which Defendants opposed.  The discovery matter was referred to Magistrate Judge Hillman in July 2006.  A hearing on the matter was held in September 2006, resulting in an Order directing the Defendants to produce numerous documents pertaining, in large part, to discipline and training of the individual officers.  The City has not been able to produce the documents as of yet due to limited manpower and resources at the Worcester Police Department, but expects to provide the documents by early January.  (See Exhibit A).

[2] Plaintiff's Complaint contains the following eight (8) counts:

  I.    42 U.S.C. § 1983 against all of the individual defendants for a variety of alleged civil rights violations, including unlawful arrest;
  II.   Intentional infliction of emotional distress against all of the individual defendants;
  III.  Intentional interference with business relations against all of the individual defendants;

finally, Defendants contend that several counts of Plaintiff's Complaint warrant summary judgment as a matter of law, especially in light of the fact that Plaintiff pled guilty to a number of criminal charges brought against him as a result of the altercation and arrest that gives rise to this lawsuit. Thus, providing the Defendants with additional time to file a summary judgment motion serves the interests of justice in that it permits the Defendants a full and fair opportunity to defend against Plaintiff's claims, and, if successful, it will narrow the issues remaining for trial.

---

IV.   Abuse of process against all of the individual defendants;
V.    False imprisonment against all of the individual defendants;
VI.   Assault and battery against all of the individual defendants;
VII.  Libel against Robert Turgeon; and
VIII. 42 U.S.C. § 1983 against the City of Worcester for failure to train, supervise and discipline its employees.

WHEREFORE, Defendants respectfully request that the Court grant this Motion to Extend Summary Judgment Deadline and Subsequent Tracking Order Deadlines.

Respectfully submitted,

ROBERT TURGEON, STEPHEN GUNNERSON, KEVIN JOHANSON, MATTHEW D'ANDREA, BRIAN HALLORAN, THOMAS C. DUFFY, SEAN McCANN and
CITY OF WORCESTER,

By their attorneys,

David M. Moore
City Solicitor


/s/ Janet J. McGuiggan
Janet J. McGuiggan
Assistant City Solicitor
City Hall, Room 301
455 Main Street
Worcester, MA 01608
(508) 799-1161
BBO #630013


CERTIFICATE OF SERVICE

I, Janet J. McGuiggan, hereby certify that, on this 11th day of December, 2006, the within Motion to Extend Summary Judgment Deadline and Subsequent Scheduling Order Deadlines has been filed through this Court's electronic filing system (ECF) and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Janet J. McGuiggan

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

    I, Janet J. McGuiggan, hereby certify that, on this 11th day of December, 2006, I conferred with counsel for Plaintiff in a good faith attempt to resolve or narrow the issue raised in the within Motion, but was unable to resolve the matter.

                                /s/ Janet J. McGuiggan

```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS


                                 )
DANIEL HOUDE,                    )
     Plaintiff                   )
                                 )
v.                               )     C.A. NO. 05-40075FDS
                                 )
ROBERT TURGEON, STEPHEN          )
GUNNERSON, KEVIN JOHANSON,       )
MATTHEW D'ANDREA, BRIAN          )
HALLORAN, THOMAS DUFFY, SEAN     )
MCCANN and CITY OF WORCESTER     )
     Defendants                  )
                                 )
```

## AFFIDAVIT OF DEFENDANTS' COUNSEL

I, the undersigned, do hereby depose and state on oath the following:

1. I am counsel of record for the above-captioned case and I have personal knowledge of the following.

2. In June 2006, at a status conference in this matter, this Court issued an order requiring fact depositions to be completed by July 2006 and requiring dispositive motions to be filed by October 31, 2006.

3. Also in June 2006, this case was referred to mediation.

4. Fact depositions were completed, as ordered, in July 2006.

5. In September, 2006, a hearing was held before Magistrate Judge Hillman on a discovery dispute, and an Order was issued, requiring the Defendants to produce numerous documents primarily relating to discipline and training of the individual officers. The parties informally agreed to hold off on collecting and producing the court-ordered documents until after mediation.

6. To date, Defendants have not been able to produce the court-ordered documents as a result of limited resources and manpower at the Worcester Police Department. The

individual in the Bureau of Professional Standards (formerly the Internal Affairs Division), the office within the Worcester Police Department authorized and charged with document collection of this nature, that is assigned to this case has devoted a substantial amount of his time over the last approximately two months with document collection in the matter of Betancourt v. Grady, et al., United States District Court, Civil Action No. 05-40154 FDS.  Defendants hope to provide Plaintiff with responsive documents by early January.

7.   In October 2006, this case was mediated before Magistrate Judge Hillman.  Following the mediation, Magistrate Judge Hillman held the matter in his session for a period of time in the hopes that the parties could continue settlement talks and perhaps resolve the case.  However, the parties were unable to settle, and the matter was formally referred back to its regular session in December 2006.

8.   Defendants were mistakenly under the impression that the summary judgment deadline would be adjusted as a result of the mediation occurring in early October and staying technically open for a few weeks after that.  The case was not formally referred back to its regular session until December 7, 2006.

9.   Since the mediation in this case on October 4, 2006, counsel for Defendants was out of the country for ten days in October 2006.  Counsel for Defendants has also had deadlines and/or conflicts in the following matters in this Court alone:

   a.   Betancourt v. Grady, et al., U.S.D.C., C.A. No. 05-40154 FDS; compressed discovery schedule and motions;
   b.   Jane Doe, et al.v. City of Worcester, et al., U.S.D.C., C.A. No. 06-40133 FDS; active settlement negotiations resulting in a settlement agreement and consent decree to be filed shortly;
   c.   Soto v. Degon, et al., U.S.D.C., C.A. No. 05-40029 FDS; status conference and discovery;
   d.   Labadie, et al. v. Daniel Rosario, et al., U.S.D.C., C.A. No. 05-40148 FDS; status conference and motion;
   e.   Crouse v. City of Worcester, et al., U.S.D.C., C.A. No. 06-30036 MAP; scheduling conference,

        automatic disclosure, matters related to proposed amended pleadings; and

  f.  <u>Jeneski v. City of Worcester, et al.</u>, U.S.D.C. 05-40019 FDS; matters related to appeal to First Circuit Court of Appeals.

10. Also since October 4, 2006, and in addition to the foregoing deadlines, scheduling matters and conflicts in the United States District Court, counsel for Defendants has, among other things, tried a motor vehicle accident case in Worcester Superior Court, conducted discovery in a complex construction lawsuit, assisted in defending the City of Worcester in a matter before the Massachusetts Commission Against Discrimination, assisted in defending the City of Worcester in an employment discrimination matter pending in U.S.D.C. before Magistrate Judge Joyce Alexander, and prepared for and participated in two pretrial conferences in Worcester Superior Court in two separate eminent domain actions.

11. Finally, Defendants seek an extension until February 12, 2007 to file a summary judgment motion as a result of the following existing deadlines: discovery matters in the <u>Betancourt</u> case that must be scheduled and completed by January 2007; trial preparations for two trials scheduled in February – one in federal court and one in state court; and several other matters/deadlines.

Signed under the pains and penalties of perjury this 11th day of December 2006.

                                /s/ Janet J. McGuiggan