UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

_____
                                            )
DANIEL HOUDE,                               )
                                            )
            Plaintiff,                      )
                                            )
v.                                          )   C.A. NO. 05-40075FDS
                                            )
ROBERT TURGEON, STEPHEN GUNNERSON,          )
KEVIN JOHANSON, MATTHEW D'ANDREA,           )
BRIAN HALLORAN, THOMAS DUFFY,               )
SEAN MCCANN and CITY OF WORCESTER           )
                                            )
                                            )
            Defendants.                     )
_____)

**PLAINTIFF DANIEL HOUDE'S OPPOSITION TO DEFENDANTS MOTION TO EXTEND SUMMARY JUDGMENT DEADLINE AND SUBSEQUENT SCHEDULING ORDER DEADLINES**

Plaintiff, Daniel Houde ("Mr. Houde") hereby opposes the motion to extend the scheduling order deadlines and hearing dates of Defendants, Robert Turgeon, Stephen Gunnerson, Kevin Johanson, Matthew D'Andrea, Brian Halloran, Thomas Duffy, Sean McCann and City of Worcesters' ("Defendants"). As reasons therefore, Houde states as follows:

This case stems from an incident that occurred in 2002. In June 2006, the parties informed the Court that they agreed to mediation and the summary judgment deadline was extended from July 15, 2006 to October 31, 2006. The Court admonished the parties to finalize discovery despite the fact that mediation was pending. From the foregoing, it was undersigned counsel's impression that these new scheduling deadlines were firm.

In any event, Defendants have had ample time to submit summary judgment papers within the generous time periods set by the Court if they truly believed there was cause to do so.  Indeed, despite the parties' agreement to mediate the case, there was no agreement by the parties or this Court to extend the summary judgment deadline for a second time (past October 31, 2006).  Although undersigned counsel is certainly sympathetic to defense counsel's busy schedule, undersigned counsel has been busy as well (and will continue to be busy).  From Plaintiff's perspective, the parties are better served by spending their precious time on preparing for trial rather than an ill-fated, but costly, summary judgment proceeding.  The Defendants apparently chose their counsel despite the fact that she was a busy attorney.  This decision should not prejudice Plaintiff's right to an efficient schedule for the trial of this matter.

Finally, this case is simply not ripe for summary judgment.  Defendants' liability in this case hinges on plain issues of fact, not law -- whether the Defendant police officers used excessive force when arresting and beating Mr. Houde.  These issues of fact are obvious simply by considering the photographs of Mr. Houde on the days after the incident, Mr. Houde's medical records and the conflicting testimony of officers about Mr. Houde's and the officers' behavior on the night in question.  Simply put, summary judgment has no chance of success.  Under the circumstances, summary judgment would simply delay the inevitable trial of this matter without just cause to do so.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court deny Defendants' motion.

Respectfully submitted,

DANIEL HOUDE

By his attorneys,

/s/ Gregory Donoghue
Timothy J. Perry (BBO#631397)
Gregory T. Donoghue (BBO#661480)
PRETI FLAHERTY BELIVEAU & PACHIOS LLP
10 High Street, Fifth Floor
Boston, MA  02110
TEL (617) 226-3800
FAX (617) 226-3801

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true copy of the above document was served upon counsel of record via ECF transmission and to non-subscribing counsel via pre-paid First Class, United States Mail.

Dated: December 12, 2006         /s/ Gregory Donoghue
                                 Gregory T. Donoghue