UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

C.A. NO.

| | |
|---|---|
| DANIEL HOUDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROBERT TURGEON, STEPHEN GUNNERSON, | ) |
| KEVIN JOHANSON, MATTHEW D'ANDREA, | ) |
| BRIAN HALLORAN, THOMAS DUFFY, | ) |
| SEAN MCCANN and CITY OF WORCESTER | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO ALL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56, Plaintiff Daniel Houde, submits this memorandum in opposition to the motion for summary judgment of Defendants Robert Turgeon, Stephen Gunnerson, Kevin Johanson, Matthew D'Andrea, Brian Halloran, Thomas Duffy, Sean McCann and City of Worcester.

**I.     INTRODUCTION**

For sake of clarity and efficiency, and as a result of discovery, Mr. Houde states that he is no longer pursuing all claims set forth in the original complaint. On Count I, Mr. Houde seeks to pursue a Section 1983 claim for excessive use of force and conspiracy against each of the individually named officers except Sean McCann. Plaintiff agrees to the dismissal of Mr. McCann from this suit. Plaintiff intends to proceed with Count II (Intentional Infliction of Emotional Distress) as stated in the

Complaint (with the exception of Mr. McCann). Plaintiff agrees to the dismissal of Count III (Intentional Interference with Prospective Business Relations), Count IV (Abuse of Process), Count V (False Imprisonment), and Count VII (Libel) of the Complaint as against all Defendants. Plaintiff intends to proceed with Count VI (Assault and Battery) against all Defendants except Mr. McCann. Plaintiff intends to proceed with Count VIII against the City of Worcester. As such, Plaintiff will make argument only on the claims that remain in dispute.

## II.   STATEMENT OF FACTS

The relevant facts of this case are set forth in Plaintiff's Response to Defendants' Statement of Material Facts and Statement of Additional Facts that Preclude Summary Judgment submitted herewith and incorporated herein by reference.

## III.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment is only warranted if, *after reviewing the facts in the light most favorable to the nonmoving party*, no genuine issues of material fact remain. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (emphasis added). In making its determination, the Court must view all evidence in the light most favorable to the nonmovant and is to draw all reasonable inferences in favor of the non-moving party. *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992); *Mediacom Corp. v. Rates Tech., Inc.*, 4 F.Supp.2d 17, 33 (D. Mass.1998).

A Court should not prevent a case from reaching a jury simply because the court favors one of several reasonable views of the evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, (1986). "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. The moving party bears the burden of showing that there is no genuine issue of material fact and that it is therefore entitled to judgment as matter of law. *Anderson*, 477 U.S. at 250; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322- 24 (1986).

IV. **ARGUMENT**

    A.    Count 1: Plaintiff's Claim of Violations of 42 U.S.C. § 1983 against Defendants Robert Turgeon, Stephen Gunnerson, Kevin Johanson, Matthew D'Andrea, Brian Halloran, and Thomas Duffy Cannot Be Properly Disposed At Summary Judgment

In Count I of his Complaint, Plaintiff asserts various claims relating to the several violations by defendants of his civil rights under 42 U.S.C. § 1983. At this point of the proceedings, Plaintiff is pursuing his claim of excessive use of force on the date of the incident at issue and his claim that the individual Defendants engaged in a conspiracy to beat Plaintiff and to cover-up their wrongful conduct. To recover against the individual Defendants under 42 U.S.C. § 1983, Plaintiff must prove that: (1) the individual Defendant's acted under color of state law; (2) that the individual Defendants deprived Plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States; and (3) that that Defendants' conduct is causally connected to the deprivation. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Despite Defendant's contentions in their brief, Plaintiff states a claim in his complaint, and the overwhelming undisputed facts support, that Defendants used

3

excessive force and improperly assaulted and battered the Plaintiff on the night they arrested him. It must be noted here that Plaintiff is not seeking to overturn his plea of guilty to resisting arrest and assault and battery against the arresting officers. Rather, Plaintiff contends that once he was arrested, and while he was in a defensive position on the ground and being held by several officers, the officers beat him ferociously. The undisputed medical records and photographs show injuries consistent with Mr. Houde's version of the events. It is incomprehensible that the six individual Defendants could not have taken the unarmed Mr. Houde into custody without inflicting the beating displayed in the record. Plaintiff requests that the Court review his statement of facts with reference to the medical records and photographs in support of his position.

In addition, and as a matter of law, the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994) does not apply to this action because the conduct for which Mr. Houde plead guilty (e.g. assault and battery and resisting arrest) occurred well before the claimed excessive use of force. In *Heck*, conversely, the plaintiff attempted to collaterally attack his underlying conviction for manslaughter by alleging an elaborate scheme by law enforcement authorities to deprive him of a fair trial and improperly imprison him. *Id*., at 479. In essence he was attempting to attack, and overturn, the outcome of his trial. The Court there noted that to establish the basis for damages in his civil suit, Heck would necessarily demonstrate the invalidity of the underlying conviction *Id*., at 481-482. The holding in *Heck,* therefore, was targeted at the narrow issue of whether, and under what circumstances, an inmate could recover Section 1983 damages for unconstitutional conviction and imprisonment or other harm caused by actions that would render a conviction or sentence invalid. *Id*., at 486.

4

A Section 1983 suit may only be dismissed under the *Heck* doctrine if a judgment in the plaintiff's favor would *necessarily* imply the invalidity of his conviction. *Id.*, at 486-487. It is axiomatic that the *Heck* doctrine does not preclude a subsequent claim for excessive use of force – even where the plaintiff has first assaulted the officers. *See, e.g. Smith v. City of Hemet*, 394 F.3d 689 (9th Cir. 2005), cert. denied, 545 U.S. 1128 (2005)(en banc-)(conviction for assault on police officer does not preclude suit for excessive force since record leaves open the possibility that the excessive force was used after the assault); *Nelson v. Jashurek*, 109 F.3d 142 (3d Cir. 1997)(conviction for resisting arrest did not bar claim for excessive force). Since a judgment on Mr. Houde's claim for excessive use of force *after* his battery on the police officers would not imply that his conviction for battery of the police officers was invalid, Defendants' motion for summary judgment must be denied.

In *Smithart v. Towery,* the Ninth Circuit reasoned that "the plaintiff's claim that officers used force far greater than that required for his arrest is conceptually distinct from his conviction for assault with a deadly weapon, and that a successful suit on the former would not necessarily imply the invalidity of the latter. . .." 79 F.3d 951, 952-953 (9th Cir. 1996) (alleged beating of plaintiff during his arrest did not invalidate conviction for assault and battery with a deadly weapon). Similarly, in *Ballard v. Burton,* the Fifth Circuit held that a defendant's conviction for simple assault, arising out of his pointing a rifle at police officers, would not necessarily be invalidated by a civil verdict on Plaintiff's § 1983 claims. *Ballard v. Burton,* 444 f.3d 391, 401 (5th Cir. 2006).

The *Ballard* Court dealt with the precise question at issue here: "[i]f it is possible for [plaintiff] to have assaulted [the officer] and for [the officer's later assault] of

5

[plaintiff] to have been objectively unreasonable, then Heck does not bar [plaintiff's] claim." *Id.* at 398. Indeed, the First Circuit has recently recognized an exception to the *Heck* doctrine in its decision in *Thore v. Howe*. 466 F.3d 173 (1st Cir. 2006). In *Thore*, the Court held that *Heck* did not bar the Plaintiff's claims because the plaintiff alleged that "by the time of the shooting, [he] was stationary in a car, boxed in with nowhere to go, and posed no threat to the officers, who had been told that he had no gun." *Id.*, at 180. Much like the plaintiff in *Thore*, at the time Mr. Houde was battered he was in a purely defensive and vulnerable position (i.e. being held on the ground by as many as six officers).

"[E]xcessive force used after a defendant has been arrested may properly be the subject of a § 1983 action notwithstanding the defendant's conviction on a charge of resisting an arrest that was itself lawfully conducted." *Smith v. City of Hemet,* 394 F.3d 689, 696 (9th Cir. 2005); *citing Sanford v. Motts*, 258 F.3d 1117, 1119-20 (9th Cir. 2001) (explaining that a successful § 1983 suit based on excessive force would not necessarily imply the invalidity of Sanford's conviction under § 148(a)(1) because the officer's use of excessive force occurred subsequent to the conduct for which Sanford was convicted under § 148(a)(1)). The force used by the officers after Mr. Houde was taken to the ground outside of his camper was not simultaneous to plaintiff's own use of force against the officers, and would have no bearing on plaintif'sf guilty plea for resisting arrest and assault and battery.[1]

---

[1] It must also be noted that under the circumstances of this case, each of the individually named defendants is responsible for this excessive use of force. *See Yang v. Hardin,* 37 F.3d 282, 286 (7th Cir. 1994) ("each police officer present has an independent duty to act"); *Anderson v. Branen,* 17 F.3d 552, 556 (2nd Cir. 1994)(holding as error District Court's refusal to instruct jury that law enforcement officials have a duty to intervene when fellow officers are committing constitutional violations in his presence).

6

Plaintiff has also submitted sufficient evidence to support a claim for conspiracy between the officers, first, in cooperating with the beating, or standing idly by while the beating occurred and, second, in assisting in the cover-up of the beating after it occurred. "A civil rights conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damages." Santiago v. Fenton, 891 F.2d 373, 389 (1st Cir. 1989) (citations omitted). A court looks to whether there is sufficient evidence to permit a reasonable jury finding "without speculation and conjecture," Aubin v. Fudala, 782 F.2d 280, 286 (1st Cir. 1983) (quoting Carlson v. American Safety Equipment Corp.., 528 F.2d 384, 386 (1st Cir. 1976), that the officers conspired. Santiago, 891 F.2d at 389. Circumstantial evidence is sufficient to prove a conspiracy. Earle v. Benoit, 850 F.2d 836, 845 (1st Cir. 1988).

Here, there is no question that each of the individual defendants were present during the beating of Mr. Houde – they are all found on the police report and none (other than Mr. McCann who has been allowed out of the suit) has denied their presence or witnessing of the actions of their fellow officers. The facts that compel denial of summary judgment on this issue include: Mr. Houde's consistent testimony regarding the brutal assault, Officer Gunnerson's belated, fanciful and contradicted (by other police officers) story about striking Plaintiff because he was in fear of a dog, the belated admission that both Officer Gunnerson and Officer Turgeon struck Plaintiff with a closed

7

fist (despite the fact that police procedure required them to have included that fact in the initial report of the incident) and the substantial corroborating medical records and photographs.  With these facts, and others contained in the record, a reasonable jury could certainly make the findings necessary to hold each of the Defendants responsible for engaging in the beating of Mr. Houde and covering up the details of it (by failing to come forward with the truth in the face of the inaccuracies contained in the police report).

> B.   Qualified Immunity Does Not Shield Defendants Robert Turgeon, Stephen Gunnerson, Kevin Johanson, Matthew D'Andrea, Brian Halloran, Thomas Duffy and Sean McCann from Violations of 42 U.S.C. § 1983

The First Circuit has identified two prongs to the basic qualified immunity analysis.  *Hegarty v. Somerset*, 53 F.3d 1367, 1373 (1st Cir. 1991); *quoting Burns v. Loranger*, 907 F.2d 233, 235-36 (1st Cir. 1990).  First, the Court must establish whether the constitutional right asserted by the plaintiff was "clearly established" at the time of the alleged violation.  *Id*.  Second, the Court must ask whether "a reasonable official situated in the same circumstances should have understood that the challenged conduct violated that established right." *Id*.  *quoting Burns*, 907 F.2d at 236.

For purposes of determining qualified immunity, the officer's actions are measured by a standard of "objective legal reasonableness . . . in light of the legal rules that were clearly established at the time [they] were taken." *St. Hilaire v. City of Laconia,* 71 F.3d 20, 24 (1st Cir. 1995).  There can be no reasonable dispute that mercilessly beating a suspect in custody violates the clearly established rights of every American citizen.  A reasonable officer in each of the Defendants' positions would also have understood that the beating was improper.  In avoiding this reality Defendants, in their brief, focus solely on the issue of whether the initial arrest was lawful – an issue that

8

is not relevant here because Mr. Houde is not seeking to overturn his guilty plea and the beating occurred after the arrest.

    C. <u>Plaintiff's Claims for Intentional Infliction of Emotional Distress (Count II) and Assault and Battery (Count VI) Against Defendant D'Andrea Survive Summary Judgment</u>

Defendant D'Andrea asserts that he is immune from liability for all state law claims against him based upon his own testimony that he was not involved in the arrest of Mr. Houde. Officer D'Andrea, however, was involved in the arrest, as shown on the police report and in his own testimony. Furthermore, he owed a duty to stop the beating of Mr. Houde. He is not relieved of his responsibility because of his self-serving (and highly suspicious) testimony that he turned his back to the incident to watch a dog. Under M.G.L.A. 263 § 3, immunity is provided only to the extent that he undertook his duties in good faith – an issue that, under the present record, presents a question of fact for the jury.

    D.     <u>Plaintiff's Claim for Violation of 42 U.S.C. §1983 Against the City of Worcester</u>

An allegation of a local government's failure to train, supervise, or discipline its police officers who then violate a plaintiff's constitutional rights is actionable where the failure to train, supervise, or discipline amounts to deliberate indifference to the rights of persons with whom the police come into contact and where the identified deficiency is closely related to the ultimate injury. *Young* v. *City of Providence*, 404 F.3d 4, 27 (1st Cir. 2005), citing *City of Canton v. Harris,* 489 U.S. 378, 388 (1989). In this case, the Defendants' supervisor, John Lewis, made several admissions at his deposition that preclude summary judgment. He admitted that it is his job to ensure that patrolmen such as the Defendants followed the City's policies and procedures. Nonetheless, he also

9

admitted that he could not recall the City's use of force policy and admitted that he could not recall any training related to striking a suspect in the face – the exact conduct asserted by Houde here. As a result, it is obvious that Lewis was unable to train his patrolmen on these issues or to enforce the policies. Had he done so, the injuries sustained by Mr. Houde would have been avoided.

      E.      <u>Plaintiff's Claim Against Individual Defendants For Intentional Infliction of Emotional Distress</u>

To maintain a cause of action for intentional infliction of emotional distress, Plaintiff must establish that: (1) the individual Defendants intended to inflict emotional distress or that they knew or should have known that emotional distress was the likely result of their conduct; (2) the conduct of the Defendants was extreme and outrageous and beyond all possible bounds of decency and was utterly intolerable in a civilized community; (3) the actions of the Defendants was the cause of Plaintiff's distress; and (4) the emotional distress sustained by Plaintiff was severe and of such a nature that no reasonable person could be expected to endure it. <u>Agis v. Howard Johnson Co.</u>, 371 Mass. 140, 144-45 (1976) (citing Restatement (Second) of Torts, § 46 (1965)). Given the facts set forth in the record, including the vicious beating of Plaintiff while he was being held on the ground by several officers, Plaintiff has set forth sufficient facts to overcome summary judgment on this claim.

**WHEREFORE**, Plaintiff respectfully requests that the motions for summary judgment of all defendants be DENIED.

Respectfully submitted,

Daniel Houde

By his attorneys,


/s/ Timothy J. Perry
Timothy J. Perry (BBO#631397)
Gregory T. Donoghue (BBO#661480)
PRETI FLAHERTY BELIVEAU & PACHIOS LLP
10 High Street, Suite 502
Boston, MA  02110
TEL (617) 226-3800
FAX (617) 226-3801

### CERTIFICATE OF SERVICE

I hereby certify that on this date a true copy of the above document was served upon counsel of record via the Court's ECF system and by pre-paid First Class, United States Mail.


Dated: March 23, 2007

/s/ Gregory T. Donoghue
Gregory T. Donoghue