UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Houde,
    **Plaintiff**

        V.

Turgeon,
    **Defendant**

CIVIL ACTION

NO. 05-40075-FDS

**PROCEDURAL ORDER**
**RE: FINAL PRETRIAL CONFERENCE/TRIAL**

<u>Saylor, D. J.</u>

    The above-entitled action is scheduled for a final pretrial conference on <u>Friday, January 4, 2008</u> at <u>11:00am</u> in <u>Courtroom #2 on the 5th floor, Worcester, MA.</u> Counsel shall be prepared to commence trial of this action on or after _____ Each party shall be represented at the pretrial conference by <u>TRIAL COUNSEL</u>.

    In order to secure the just, speedy and inexpensive determination of this action in accordance with the Civil Justice Reform Act of 1990 and Local Rule 16.5, the parties shall meet prior to this conference to accomplish the following:

    (1)    to discuss and negotiate settlement of the action;
    (2)    to draft and sign a stipulation as to all uncontested facts;
    (3)    to narrow the issues to be tried;
    (4)    to exhibit to all parties any and all photographs, documents, instruments and other objects any party intends to offer as exhibits at trial;
    (5)    to give notice to all parties of the names and addresses of witnesses a party intends to call at trial, including the names and qualifications of any expert witnesses.

    Counsel shall prepare and file, either jointly or separately, pretrial memoranda and/or trial documents which set forth the following:

    (1)    a concise summary of the evidence that will be offered by the plaintiff, defendant and other parties with respect to both liability and damages (including special damages, if any);
    (2)    a statement of facts established by the pleadings, by admissions or by stipulations. Counsel shall stipulate all facts not in genuine dispute;
    (3)    contested issues of fact;
    (4)    any jurisdictional questions;
    (5)    any question raised by pending motions;
    (6)    issues of law, including evidentiary questions, together with supporting authority;
    (7)    any requested amendments to the pleadings;
    (8)    any additional matters to aid in the disposition of the action;
    (9)    the probable length of trial and whether jury or nonjury;

    (10)    a list of the names and addresses of witnesses who will testify at trial and the purpose

of the testimony, i.e., whether factual, medical, expert, etc.;

(11) a list of the proposed exhibits (photographs, documents, instruments, and all other objects) in order of their introduction to the Court. Those exhibits to be introduced without objection shall be identified by a single sequence of numbers and those items to which a party reserves the right to object shall be identified by a single sequence of capital letters, regardless of which party is offering the exhibit.

This material shall be filed, in duplicate, no later than five (5) days prior to the scheduled date for the final pretrial conference. A party who intends to object to any proposed exhibit or witness shall give written notice to all parties setting forth the basis for the objection and file said notice, in duplicate, with the clerk on or before <u>December 31, 2007</u>.

Five (5) days prior to the date assigned for trial each party shall file in duplicate:

(A) In cases to be tried to a jury, a trial brief including:

(1) any proposed questions for the voir dire examination of the jury;
(2) requests for instructions to the jury with citation to supporting authority;
(3) any proposed interrogatories or special verdict form.

(B) In nonjury cases, a trial brief including:

(1) any proposed findings of fact and requested rulings of law.

If the trial materials required by this Order have been previously filed with the Court, please advise the Court in writing of the filing date and supplement trial documents, as necessary. Immediately upon receipt of this Order, any counsel who realizes that one or more attorneys have not been notified shall forthwith notify the additional attorney(s) in writing as to the entry of this Order and file a copy of the writing with the clerk.

Compliance with this Order is not excused, absent the actual filing of closing papers or the entry of a Settlement Order of Dismissal in a form prescribed by the Court.

PLEASE NOTE: The Court requires twenty-four hour notice of settlement. Any settlement on the eve of trial may result in the imposition of costs, including the costs associated with bringing in jurors unnecessarily.

By the Court,

<u>  11/27/07  </u>   /s/ Martin Castles
Date          Deputy Clerk