UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

C.A. NO. 05-40075FDS

| | |
|---|---|
| DANIEL HOUDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROBERT TURGEON, STEPHEN GUNNERSON, | ) |
| KEVIN JOHANSON, MATTHEW D'ANDREA, | ) |
| BRIAN HALLORAN, THOMAS DUFFY, | ) |
| SEAN MCCANN and CITY OF WORCESTER | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

The Plaintiff respectfully requests that, in addition to the ordinary and usual instructions offered to the jury, the Court include the following proposed jury instructions to be given to the jury regarding the claims presented before them.

Plaintiff's Proposed Jury Instruction No. 1

## Elements of § 1983

The plaintiffs have filed this action in part under a provision of the United States Code, Title 42, Section 1983, which gives a person the right to bring a lawsuit for a violation of a constitutional right by a police officer acting in an official capacity. In order to prevail on this claim, the plaintiffs must prove two things:
1. that the defendants acted under color of law; and
2. that the defendants deprived the plaintiffs of one or more constitutional rights.[1]

Avery, Rudovsky, Blum, Police Misconduct: Law and Litigation, §12:3 (2007)

---

[1] 42 U.S.C. § 1983; Gomez v. Toledo, 446 U.S. 635, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980); Monell v. Department of Social Services of City of New York, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611, 17 Fair Empl. Prac. Cas. (BNA) 873, 16 Empl. Prac. Dec. (CCH) P 8345 (1978); Monroe v. Pape, 365 U.S. 167, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961) (overruled by, Monell v. Department of Social Services of City of New York, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611, 17 Fair Empl. Prac. Cas. (BNA) 873, 16 Empl. Prac. Dec. (CCH) P 8345 (1978)).

Plaintiff's Proposed Jury Instruction No. 2

## Color of law

"Acting under color of law" means "under pretense of law," and simply means acting in one's capacity as a police officer. The plaintiff does not have to prove that the defendant was acting within the law, if he was acting in his capacity as a police officer, then he was acting under color of law.

If the defendant acted with an intention to take official action against the plaintiff, he was acting under color of law.[1]

Avery, Rudovsky, Blum, Police Misconduct: Law and Litigation, §12:5 (2007)

---

[1] Monroe v. Pape, 365 U.S. 167, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961) (overruled on other grounds by, Monell v. Department of Social Services of City of New York, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611, 17 Fair Empl. Prac. Cas. (BNA) 873, 16 Empl. Prac. Dec. (CCH) P 8345 (1978)); Pickrel v. City of Springfield, Ill., 45 F.3d 1115 (7th Cir. 1995); Drewitt v. Pratt, 999 F.2d 774 (4th Cir. 1993).

Plaintiff's Proposed Jury Instruction No. 3

## Section 1983 Claims After an Arrest

"[E]xcessive force used after a defendant has been arrested may properly be the subject of a § 1983 action notwithstanding the defendant's conviction on a charge of resisting an arrest that was itself lawfully conducted."

*Smith v. City of Hemet,* 394 F.3d 689, 696 (9th Cir. 2005)

Plaintiff's Proposed Jury Instruction No. 4

## Officer's Duty to Intervene When Witnessing Violation of Civil Rights

Each police officer has an independent duty to act to prevent civil rights violations by his fellow officer's.

*See Yang v. Hardin,* 37 F.3d 282, 286 (7th Cir. 1994) ("each police officer present has an independent duty to act"); *Anderson v. Branen,* 17 F.3d 552, 556 (2nd Cir. 1994)(holding as error District Court's refusal to instruct jury that law enforcement officials have a duty to intervene when fellow officers are committing constitutional violations in his presence).

Plaintiff's Proposed Jury Instruction No. 5

## Civil Rights Conspiracy Between Officer's

"A civil rights conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damages."

Santiago v. Fenton, 891 F.2d 373, 389 (1st Cir. 1989) (citations omitted).

Plaintiff's Proposed Jury Instruction No. 6

## Circumstantial Evidence

Circumstantial evidence is sufficient to prove a conspiracy.

Earle v. Benoit, 850 F.2d 836, 845 (1st Cir. 1988).

Plaintiff's Proposed Jury Instruction No. 7

## Causation

Plaintiff must prove that the defendant(s) caused the harm or injuries that she allegedly suffered. In determining the question of causation, you should decide whether the defendant's wrongful conduct was a substantial factor in the resulting injury or harm. It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury.[1]

Where a police officer provides false or misleading information to a judge or prosecutor and as result the plaintiff was wrongfully searched, arrested or prosecuted, the officer who provided this false information can be held liable for the harm and injury suffered. In such cases, there is no superseding or intervening cause that relieves the officer of fault and liability. Hector v. Watt, 235 F.3d 154 (3d Cir. 2000), as amended, (Jan. 26, 2001).[2]

Avery, Rudovsky, Blum, Police Misconduct: Law and Litigation, §12:6 (2007)

---

[1] Egervary v. Young, 366 F.3d 238 (3d Cir. 2004), cert. denied, 543 U.S. 1049, 125 S. Ct. 868, 160 L. Ed. 2d 769 (2005); Restatement (Second) of Torts, Section 431 (1965).
[2] Hector v. Watt, 235 F.3d 154 (3d Cir. 2000), as amended, (Jan. 26, 2001).

Plaintiff's Proposed Jury Instruction No. 8

### No specific intent required

It is not necessary to find that a defendant had any specific intent to deprive the plaintiffs of their constitutional rights, or that he acted with malice or ill will in order to find for the plaintiffs. The plaintiffs are entitled to relief if a defendant intended the actions which resulted in a violation of their constitutional rights.[1]

Avery, Rudovsky, Blum, Police Misconduct: Law and Litigation, §12:7 (2007)

---

[1] Graham v. Connor, 490 U.S. 386, 397, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); Parratt v. Taylor, 451 U.S. 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981) (overruled by, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)) ("We conclude that the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"); Gomez v. Toledo, 446 U.S. 635, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980); Monroe v. Pape, 365 U.S. 167, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961) (overruled on other grounds by, Monell v. Department of Social Services of City of New York, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611, 17 Fair Empl. Prac. Cas. (BNA) 873, 16 Empl. Prac. Dec. (CCH) P 8345 (1978)); Hudson v. New York City, 271 F.3d 62 (2d Cir. 2001) (reversing judgment for defendants where court instructed jury that an intentional violation of constitutional rights was required).

Plaintiff's Proposed Jury Instruction No. 9

### Credibility and Bias of witnesses

The testimony of a law enforcement officer should be considered by you just as any other evidence in this case, and in evaluating his credibility you should use the same guidelines which you apply to the testimony of any witness. You should not give either greater or lesser credence to the testimony of a witness merely because he is a law enforcement officer.[1]

Several of the witnesses are still employed by the City of and hence are interested witnesses in the outcome of this case. Their relationship with and employment by the City of are matters for you to consider, together with your observation of the witnesses and the testimony you have heard, in determining whether they are biased in favor of the defendants, and what weight you will give to their testimony.

Avery, Rudovsky, Blum, <u>Police Misconduct: Law and Litigation</u>, §12:8-9 (2007)

---

[1] Butler v. City of Camden, City Hall, 352 F.3d 811, 63 Fed. R. Evid. Serv. 232 (3d Cir. 2003); Roberts v. Hollocher, 664 F.2d 200, 9 Fed. R. Evid. Serv. 677 (8th Cir. 1981); Darbin v. Nourse, 664 F.2d 1109, 33 Fed. R. Serv. 2d 154, 72 A.L.R. Fed. 627 (9th Cir. 1981); Bush v. U.S., 375 F.2d 602, 605 (D.C. Cir. 1967).

Plaintiff's Proposed Jury Instruction No. 10

### Excessive force—Fourth Amendment standard

The plaintiff claims that excessive force was used by the defendant in connection with his arrest. A person, even if he is being lawfully arrested, has a constitutional right to be free of excessive force. An officer is entitled to use such force as a reasonable person would think is required to take one arrested into custody, and this may include such physical force as is reasonably necessary to subdue a person who is struggling with an officer. However, an officer is not allowed to use any force beyond that reasonably necessary to accomplish his lawful purpose. Thus, if you find that the defendant used greater force than was reasonably necessary in the circumstances of this case, you must find that the defendant is liable for a violation of the plaintiff's constitutional rights.[1]

There is no precise definition or formula available for determining whether force is excessive in a particular case. You should take into account the severity of the crime the police were investigating, whether the plaintiff posed an immediate threat to the safety of the officers or others, and whether the plaintiff was actively resisting arrest or attempting to avoid arrest by fleeing. Whether the officer used reasonable force must be judged from the perspective of a reasonable police officer on the scene, the totality of circumstances confronting the officer and the time available to the officer to assess the need for force under the circumstances of this case.[2]

Whether the force used by the officer was reasonable must be judged from the perspective of an objectively reasonable officer. It is your decision of what force a reasonable officer would have used which controls, not the state of mind of the defendant himself. Evil intentions on the part of the officer will not establish a constitutional violation if the force used was objectively reasonable. At the same time, if the force used was unreasonable, you must hold the officer liable for a constitutional violation, even if you believe he had good intentions.[3]

The use of force by police officers is not reasonable under the Constitution if there is no need for force. It is unreasonable and a violation of the Fourth Amendment for a police officer to use physical force on a person who has been arrested and restrained, who is securely under the control of the police, and who is not attempting to escape.[4]

Avery, Rudovsky, Blum, <u>Police Misconduct: Law and Litigation</u>, §12:20-23 (2007)

---

[1] Graham v. Connor, 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989).
[2] Id.
[3] Id.
[4] Cox v. Treadway, 75 F.3d 230, 234, 43 Fed. R. Evid. Serv. 958, 34 Fed. R. Serv. 3d 243, 1996 FED App. 0028P (6th Cir. 1996).

Plaintiff's Proposed Jury Instruction No. 11

**Duty to prevent other officers from violating rights**

 Police officers have an affirmative duty to enforce the law and preserve the peace. This includes stopping other police officers from violating the law. A police officer may not ignore the duty imposed by his office and fail to stop other officers who illegally punish a third person in his presence. Thus if you find that Officer *A* unlawfully physically assaulted the plaintiff, and that Officer *B* was in a position to and had the ability to stop the assault, but did nothing to prevent it, you may hold the second officer liable as well.

Avery, Rudovsky, Blum, <u>Police Misconduct: Law and Litigation</u>, §12:35 (2007)

Plaintiff's Proposed Jury Instruction No. 12

### Joint tortfeasors

In this case there are multiple individual defendants and you must determine whether any or all of them are liable to the plaintiffs. In this connection, you should determine whether the officers acted jointly with and/or assisted each other. Where two or more persons act together and cause a wrong to another, they incur a joint liability for the acts of each other. The law does not require the injured party to establish how much of the injury was done by one person and how much of the injury was done by another. Rather, it permits the injured party to treat all concerned in the injury jointly and all are liable to respond to the plaintiffs in a total sum as damages. All those who actively participate in a wrongful act, by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts for their benefit, are equally liable with him. Express agreement is not necessary, and all that is required is that there should be a common design or understanding, even if it is a tacit one.[1]

Avery, Rudovsky, Blum, Police Misconduct: Law and Litigation, §12:36 (2007)

---

[1] Prosser and Keeton on the Law of Torts (5th ed.) pp 322–24 § 46.

Plaintiff's Proposed Jury Instruction No. 13

## Damages for Section 1983 Claims

The fact that plaintiff's rights are found to have been violated entitles her to compensation for the actual damages she has suffered. Therefore, if you decide for the plaintiff on the issue of liability, you must then fix the amount of money damages which will reasonably and fairly compensate her for any harm which the wrongful conduct of the defendants was a substantial factor in bringing about.

Among the elements of injury and harm which you should consider are:
1. The loss of past earnings and impairment of future earning capacity.
2. The reasonable expense for property damaged or destroyed.
3. The reasonable expense of legal services required and received by the plaintiff to defend and clear herself.
4. The physical harm to the plaintiff during and after the impairment, including ill health, physical pain, disability, disfigurement, or discomfort, and any such physical pain, disability, and discomfort which plaintiff will, with reasonable certainty, suffer in the future.
5. The emotional and mental harm to the plaintiff during and after imprisonment, including fear, humiliation, and mental anguish, and any emotional harm, fear, or mental anguish that plaintiff will, with reasonable certainty, suffer in the future.
6. The reasonable expense of medical or psychological care, treatment, and services required and received by the plaintiff in connection with her physical and psychological injuries, and the expenses for medical or psychological care that will be reasonably incurred in the future.
7. The extent and duration of the injuries, including their continuation in the future

If you have determined that compensatory damages should be awarded to the plaintiff, you must also decide whether to award interest. This lawsuit was begun—years ago, and you may award interest on the sum which you have decided is an appropriate compensatory damage award, from that time to the present. Whether you do award interest should depend upon whether you conclude that interest is necessary to compensate the plaintiff fully for any injury suffered, bearing in mind that the plaintiff has not had the use of the damages you award during the time this litigation has been pending.

If you do award interest, the actual sum will be computed by the clerk at the rate provided by law.[1]

You may decide whether the plaintiff is entitled to the award of any punitive damages. The function of punitive damages is to punish the defendant for malicious conduct and to deter similar conduct by others. Whether you decide to award any punitive damages should be based on whether you find that the defendants acted willfully, deliberately, maliciously, or with reckless disregard of the plaintiff's

---

[1] Furtado v. Bishop, 604 F.2d 80, 4 Fed. R. Evid. Serv. 929 (1st Cir. 1979).

constitutional rights. If you find that the defendants have done one of those things, then you may award punitive damages.

Punitive damages may be awarded even if the violation of plaintiffs rights resulted in only nominal compensatory damages. That is, even if the plaintiff can show no damages or other injury as a result of the defendants' actions, if these actions were deliberate, willful or made with reckless disregard of plaintiff's rights, punitive damages are appropriate.[1]

If you have determined that compensatory damages should be awarded to the plaintiff, you must also decide whether to award interest. This lawsuit was begun—years ago, and you may award interest on the sum which you have decided is an appropriate compensatory damage award, from that time to the present. Whether you do award interest should depend upon whether you conclude that interest is necessary to compensate the plaintiff fully for any injury suffered, bearing in mind that the plaintiff has not had the use of the damages you award during the time this litigation has been pending.

If you do award interest, the actual sum will be computed by the clerk at the rate provided by law.[2]

Avery, Rudovsky, Blum, Police Misconduct: Law and Litigation, §12:45-47 (2007)

---

[1] Smith v. Wade, 461 U.S. 30, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983); Adickes v. S. H. Kress & Co., 398 U.S. 144, 234, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970) (Brennan, J., concurring).

[2] Furtado v. Bishop, 604 F.2d 80, 4 Fed. R. Evid. Serv. 929 (1st Cir. 1979).

Plaintiff's Proposed Jury Instruction No. 14

## Intentional Infliction of Emotional Distress Generally

In this case, the plaintiff is claiming that the defendant intentionally or recklessly caused infliction of emotional distress when [insert party's factual contentions]. In order to recover, the plaintiff must prove by a preponderance of the evidence that:

1. the defendant intended to inflict emotional distress or that the defendant, knew or should have known that emotional distress was likely to result from [his/her] conduct;

2. the defendant's conduct was extreme and outrageous, was beyond all possible bounds of decency and was utterly intolerable in a civilized community;

3. the defendant's conduct caused the plaintiff's emotional distress, and

4. the emotional distress suffered was severe and of a nature that no reasonable person could be expected to endure it.[1]

It is not necessary for the plaintiff to prove that physical injury resulted from the severe emotional distress.[2]

Newman, Lipchitz, *Massachusetts Superior Court Civil Jury Instructions*, §8.1 (2003)

---

[1] *Tetrault v. Mahoney, Hawkes & Goldings*, 425 Mass. 456, 465-66, 681 N.E.2d 1189, 1196-97 (1997); *Foley v. Polaroid Corp.*, 400 Mass. 82, 99-100, 508 N.E.2d 72, 82 (1987); *Agis v. Howard Johnson Co.*, 371 Mass. 140, 144-45, 355 N.E.2d 315, 318-19 (1976); *Cady v. Marcella*, 49 Mass.App.Ct. 334, 340-41, 729 N.E.2d 1125, 1131 (2000); *Brown v. Nutter, McClennen & Fish*, 45 Mass.App.Ct. 212, 218, 696 N.E.2d 953, 957 (1998); *Conway v. Smerling*, 37 Mass.App.Ct. 1, 8, 635 N.E.2d 268, 273 (1994).
[2] *Agis v. Howard Johnson Co.*, 371 Mass. 140, 144, 355 N.E.2d 315, 318 (1976). See also *Simon v. Solomon*, 385 Mass. 91, 95, 431 N.E.2d 556, 561 (1982); *Korper v. Weinstein*, 57 Mass.App.Ct. 433, 439 n.13 (2003); *Kelly v. Brigham & Women's Hosp.*, 51 Mass.App.Ct. 297, 310-11 (2001); *Quinn v. Walsh*, 49 Mass.App.Ct. 696, 706 (2000); *Cady v. Marcella*, 49 Mass.App.Ct. 334, 340-41 (2000).

Plaintiff's Proposed Jury Instruction No. 15

## Extreme and Outrageous Conduct

"Extreme and outrageous" conduct is more than just workaday insults, hurt feelings from bad manners, annoyances, or petty oppressions. "Outrageousness" means a high order of recklessness, ruthlessness or deliberate malevolence.[1]

What is extreme and outrageous is for you to consider, given all the facts. For instance, outrageous behavior may be found by a repeated series of incidents, even if those incidents, when taken individually, might not be sufficiently extreme. Also, conduct otherwise reasonable may give rise to liability when it is directed at a person known to the defendant to be particularly susceptible to emotional distress because of some physical or emotional vulnerability.[2]

Newman, Lipchitz, *Massachusetts Superior Court Civil Jury Instructions*, §8.1.2 (2003)

---

[1] *Tetrault v. Mahoney, Hawkes & Goldings*, 425 Mass. 456, 465-66, 681 N.E.2d 1189, 1196-97 (1997); *Foley v. Polaroid Corp.*, 400 Mass. 82, 99-100, 508 N.E.2d 72, 82 (1987); *Boyle v. Wenk*, 378 Mass. 592, 595, 392 N.E.2d 1053, 1055-56 (1979); *Agis v. Howard Johnson Co.*, 371 Mass. 140, 144-45, 355 N.E.2d 315, 319 (1976); *Korper v. Weinstein*, 57 Mass.App.Ct. 433, 439 (2003) ("a consensual sexual relationship in this Commonwealth will not support a claim for intentional infliction of emotional distress"); *Quinn v. Walsh*, 49 Mass.App.Ct. 696, 707-08 (2000) (openly conducting adulterous affair was not sufficiently outrageous conduct to support claim); *Cady v. Marcella*, 49 Mass.App.Ct. 334, 341 (2000) (creditor's act of physically seizing half of a modular home for twelve days in the middle of winter was extreme and outrageous); *Conway v. Smerling*, 37 Mass.App.Ct. 1, 8-9, 635 N.E.2d 268, 273 (1994).

[2] *Bresnahan v. McAuliffe*, 47 Mass.App.Ct. 278, 282-83, 712 N.E.2d 1173, 1176-77 (1999) (parents had a reasonable expectation of proving at trial that the funeral home's communications and conduct in providing funeral services for their stillborn child were extreme and outrageous); *Brown v. Nutter, McClennen & Fish*, 45 Mass.App.Ct. 212, 218-19, 696 N.E.2d 953, 957-58 (1998) (legal secretary's allegations that her longtime supervisor had caused her to engage in illegal conduct for his own benefit and had continued to contact her despite her requests that he stop created a triable issue); *Boyle v. Wenk*, 378 Mass. 592, 595-96, 392 N.E.2d 1053, 1055-56 (1979); *George v. Jordan Marsh Co.*, 359 Mass. 244, 254-55, 268 N.E.2d 915, 921 (1971); *see also Simon v. Solomon*, 385 Mass. 91, 96-97, 431 N.E.2d 556, 561-62 (1982).

Plaintiff's Proposed Jury Instruction No. 16

## Assault and Battery

An assault is any intentional threat or attempt to cause harm to the person of another, accompanied by the present ability to cause such harm, where as a result of such a threat or attempt the victim is put in reasonable fear of imminent bodily harm. Thus, to find the defendant committed assault on the plaintiff, you must find that the defendant intentionally threatened or attempted to cause harm to the plaintiff, the defendant had the ability to cause [him] [her] such harm, and the plaintiff reasonably feared defendant would cause [him] [her] such harm.[1]

A battery is any intentional, harmful, and nonconsensual contact by a person with the person of another. The intent necessary to constitute a battery is not an intent to cause harm, but an intent to do the act that causes the harm. Thus, to find the defendant committed a battery on the plaintiff, you must find that the defendant intended an unpermitted contact, or that the defendant intended to put the plaintiff in fear of such contact, and that the contact took place.[2]

*Massachusetts Jury Instructions, Civil*, Lexis Law Publishing, §7.3-4 (1999)

---

[1] Ross v. Michael, 246 Mass. 126, 130, 140 N.E. 292, 293 (1923) (where the Supreme Judicial Court defined civil assault and stressed the requirement of an imminent act that creates a "well-grounded" or reasonable fear of personal injury). See also Commonwealth v. Slaney, 345 Mass. 135, 140, 185 N.E.2d 919, 922 (1962) (requirement of plaintiff's fear or at least apprehension is essential to recovery in claim for civil assault); Belger v. Arnot, 344 Mass. 679, 681, 183 N.E. 2d 866, 867 (1962) (a civil claim may include both assault and battery causes of action).

[2] See Waters v. Blackshear, 412 Mass. 589, 590-91, 591 N.E. 2d 184, 185 (1992). Therein, the Supreme Judicial Court set forth definitional requirements in this area. See also Sullivan v. H.P. Hood & Sons, Inc., 341 Mass. 216, 221, 168 N.E. 2d 80, 81 (1960) (some outward physical harm must have been suffered by plaintiff in order to recover damages on civil battery claim); Sabatinelli v. Butler, 363 Mass. 565, 567-68, 296 N.E.2d 190, 191 (1973) ("If conduct is negligent, it cannot also be [considered] intentional."). For other specific instances of battery, see Crossman v. Thurlow, 336 Mass. 252, 143 N.E.2d 814 (1957) (assault and battery with automobile), and Grenier v. O'Gara, 219 Mass. 15, 106 N.E. 563 (1914) (bar owner guilty of battery when he placed plaintiff, without consent and unprotected, into place of danger).

Respectfully submitted,

**PLAINTIFF DANIEL HOUDE,**

By his attorney,

/s/ Timothy J. Perry
Timothy J. Perry (BBO #631397)
PERRY, KRUMSIEK & JACK LLP
One McKinley Square
Boston, MA  02109
(617) 720-4300
facsimile (617) 720-4310

### Certificate Regarding Service

I hereby certify that this document was served upon all counsel of record by the Court's ECF system.

Date:  January 23, 2008                     /s/ Timothy J. Perry
                                            Timothy J. Perry