UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
DANIEL HOUDE,                          )
        Plaintiff                      )
                                       )
v.                                     )
                                       )
ROBERT TURGEON, STEPHEN                )
GUNNERSON, KEVIN JOHANSON,             )
MATTHEW D'ANDREA, BRIAN                )
HALLORAN and THOMAS C. DUFFY           )    C.A. NO. 05-40075FDS
        Defendants                     )
```

**DEFENDANTS' MOTION IN LIMINE**
**AS TO CIVILIAN COMPLAINTS AGAINST DEFENDANTS**

Defendants Robert Turgeon, Stephen Gunnerson, Kevin Johanson, Matthew D'Andrea, Brian Halloran and Thomas C. Duffy ("Defendants") hereby move this Court to exclude all evidence, whether testimonial or documentary, as to civilian complaints made against Defendants, the resulting investigations by the Worcester Police Department and any discipline imposed against Defendants by the Worcester Police Department ("WPD").

In the discovery phase of this action, Defendants were required, pursuant to Magistrate Judge Hillman's Findings and Order dated September 6, 2006, to produce "[a]ll records maintained by the Internal Affairs Division pertaining to complaints filed against each of the Defendant Officers, including the investigation and disposition of each complaint." Defendants expect that Plaintiff will attempt to use their

Internal Affairs Division ("IAD") records for the improper purpose of tainting the jury against the Defendants.

However, in support of this Motion, Defendants state that the complaints should be excluded from evidence as hearsay. Defendants further state that such evidence cannot be used as prior bad acts. Pursuant to Fed. R. Evid. 404(b), "[e]vidence of other crimes, wrongs or acts is not admissible to prove character of a person in order to show action in conformity therewith." The First Circuit analyzes issues raised under Rule 404(b) by asking whether the evidence is offered for a legitimate purpose, and if so, whether considerations of substantial prejudice require it to be excluded under Fed. R. Evid. 403. <u>United States v. Fields</u>, 871 F.2d 188, 196 (1st Cir. 1989). Thus, Plaintiff should be prohibited from allowing such evidence since its prejudicial impact substantially outweighs any probative value. It is within this Court's discretion to so determine. <u>Bordanaro v. McLeod</u>, 871 F.2d 1151, 1166 (1st Cir. 1989)(citations omitted).

Here, the probative value of the civilian complaints against Defendants is nil. This is especially so in light of the fact that the remaining counts are solely against the individual Defendants rather than against the City of Worcester for an unlawful municipal custom or practice, where, arguably, evidence of civilian complaints may be admissible through expert

testimony. Conversely, the prejudicial impact of those complaints is substantial.

Furthermore, if civilian complaints against Defendants were admitted, fairness would dictate that they be allowed to call the various complainants, the witnesses to the alleged events, and the investigating officers, in order to provide a full account of each civilian complaint. But this would, in turn, mean that each civilian complaint would devolve into a mini-trial, and that the jury would, in effect, need to render a 'verdict' on each such complaint. Such a result is neither desirable nor – if all evidence of the civilian complaints against Defendants is excluded – necessary.[1]

---

[1] In the event this Motion is denied, Defendants reserve the right to supplement their witness list and their exhibit list.

3

WHEREFORE, Defendants move this Court to exclude all evidence, whether testimonial or documentary, as to civilian complaints against Defendants.

                                          ROBERT TURGEON, STEPHEN
                                          GUNNERSON, KEVIN JOHANSON,
                                          MATTHEW D'ANDREA, BRIAN
                                          HALLORAN and THOMAS C. DUFFY

                                          By their attorney,


                                          /s/ Janet J. McGuiggan
                                          Janet J. McGuiggan
                                          Assistant City Solicitor
                                          City Hall, Room 301
                                          455 Main Street
                                          Worcester, MA 01608
                                          (508) 799-1161
                                          BBO #630013


## CERTIFICATE OF SERVICE

I, Janet J. McGuiggan, hereby certify that on this 23d day of January, 2008, I served upon Plaintiff the within motion by electronically filing the same with the Court with electronic notice sent to all registered participants.

                                          /s/ Janet J. McGuiggan
                                          Janet J. McGuiggan