```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                     DISTRICT OF MASSACHUSETTS


DANIEL HOUDE,                    )
        Plaintiff                )
                                 )
v.                               )
                                 )
ROBERT TURGEON, STEPHEN          )
GUNNERSON, KEVIN JOHANSON,       )
MATTHEW D'ANDREA, BRIAN          )
HALLORAN and THOMAS C. DUFFY     )   C.A. NO. 05-40075FDS
        Defendants               )
```

### DEFENDANTS' MOTION IN LIMINE TO PERMIT THE USE OF PLAINTIFF'S CONVICTIONS FOR IMPEACHMENT PURPOSES

Defendants Robert Turgeon, Stephen Gunnerson, Kevin Johanson, Matthew D'Andrea, Brian Halloran and Thomas C. Duffy ("Defendants") hereby move this Court to permit the introduction of evidence of Plaintiff's convictions at trial for impeachment purposes. In support of this Motion, Defendants state that, pursuant to Fed. R. Evid. 609, convictions can be used, with some limitations, "for the purpose of attacking the character for truthfulness of a witness."

Rule 609 provides in relevant part:

(a) General Rule.  For the purpose of attacking the character for truthfulness of a witness,

   (1) evidence that a witness other than the accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or

>    imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
>
> (2) evidence that any witness has been convicted of a crime shall be admitted regardless of punishment, if it readily can be determined that establishing the elements of the crime required poof or admission of an act of dishonesty or false statement by the witness.

Rule 403 of the Federal Rules of Evidence permits exclusion of relevant evidence "if the probative value is substantially outweighed by the danger of unfair prejudice…." In applying Rule 403 to Rule 609(a)(1), courts examine such factors as (1) the impeachment value of the prior crime; (2) the remoteness of the prior conviction; (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness. See United States v. Brito, 427 F.3d 53, 64 (1st Cir. 2005); Daniels v. Loizzo, et al., 986 F. Supp. 245, 250 (S.D. N.Y. 1997). In Daniels, the defendants sought to introduce plaintiff's prior criminal conviction to violate drug laws for purposes of impeachment in plaintiff's civil rights action against the police department. Id. at 247. The Court in Daniels found the impeachment value of the drug conviction supported the

introduction of the evidence, as it ranked highly on the scale of veracity-related crimes, stating "the drug conviction bears on Plaintiff's credibility since it removes any misperceptions that he is a model citizen." Id. at 250.

In the present action, Plaintiff pleaded guilty in November, 2002 for all charges arising out of the subject arrest on May 20, 2002, including possession of a Class B substance, resisting arrest, assault and battery on police officers, assault and battery with a dangerous weapon on police officers, failure to stop for a police officer. Also in November, 2002, Plaintiff pleaded guilty to similar charges arising out of an arrest on September, 2002, including assault and battery on police officers, assault and battery with a dangerous weapon (several counts), possession of a Class D substance, and resisting arrest. In September, 1999, according to Worcester Superior Court Docket No. 1999-00058, Plaintiff also pleaded guilty to distribution of a Class B substance.  Upon information and belief, Plaintiff has had additional convictions.  Since Plaintiff's credibility is central to the defense of an excessive force case such as this one, Plaintiff's convictions for crimes punishable by death or imprisonment in excess of one year, especially those arising out of the

arrest which gives rise to this lawsuit, are admissible for impeachment pursuant to Fed. R. Evid. 609, as their probative value substantially outweighs any prejudice. Additionally, in the event that Plaintiff has convictions demonstrating dishonesty or false statements, those too should be admitted.[1]

WHEREFORE, Defendants move this Court to allow the use of Plaintiff's convictions for impeachment purposes.

>ROBERT TURGEON, STEPHEN
>GUNNERSON, KEVIN JOHANSON,
>MATTHEW D'ANDREA, BRIAN
>HALLORAN and THOMAS C. DUFFY
>
>By their attorney,
>
>/s/ Janet J. McGuiggan
>Janet J. McGuiggan
>Assistant City Solicitor
>City Hall, Room 301
>455 Main Street
>Worcester, MA 01608
>(508) 799-1161
>BBO #630013

CERTIFICATE OF SERVICE

I, Janet J. McGuiggan, hereby certify that on this 23d day of January, 2008, I served upon Plaintiff the within motion by electronically filing the same with the Court with electronic notice sent to all registered participants.

>/s/ Janet J. McGuiggan
>Janet J. McGuiggan

---

[1] Defendants filed a motion for court order to obtain CORI information on January 21, 2008.