UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
DANIEL HOUDE,                      )
        Plaintiff                  )
                                   )
v.                                 )
                                   )
ROBERT TURGEON, STEPHEN            )
GUNNERSON, KEVIN JOHANSON,         )
MATTHEW D'ANDREA, BRIAN            )
HALLORAN and THOMAS C. DUFFY       )   C.A. NO. 05-40075FDS
        Defendants                 )
```

**DEFENDANTS' MOTION IN LIMINE
AS TO EXCESSIVE FORCE LAWSUITS**

Defendants Robert Turgeon, Stephen Gunnerson, Kevin Johanson, Matthew D'Andrea, Brian Halloran and Thomas C. Duffy ("Defendants") hereby move this Court to exclude all evidence, whether testimonial or documentary, as to civil lawsuits alleging excessive force brought against the City of Worcester, the Worcester Police Department or any Worcester police officers.

In the discovery phase of this action, Defendants were required, pursuant to Magistrate Judge Hillman's Findings and Order dated September 6, 2006, to produce a list of "[a]ll complaints [civil lawsuits] filed against the City of Worcester, by and through its police officers, alleging excessive force, that were filed in state or federal court from 2001 to the date of the filing of Plaintiff's

Complaint [May 17, 2005]." While the complaints filed in other civil lawsuits were arguably relevant in the discovery phase of this action to Plaintiff's claim against the City of Worcester alleging that the Defendants acted pursuant to an unlawful custom or practice[1] (Count VIII), they are no longer relevant to the present action because the only claims remaining are against the individual Defendants for: (1) conspiracy to use excessive force brought pursuant to 42 U.S.C. § 1983 (Count I); (2) intentional infliction of emotional distress (Count II); and (3) assault and battery (Count VI).

In support of this Motion, Defendants state that, pursuant to Fed. R. Evid. 401, "`[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Furthermore, pursuant to Fed. R. Evid. 402, "[e]vidence which is not relevant is not admissible." In the present action, evidence of other civil lawsuits, none of which resulted in a judgment against the City of Worcester or any police officers, including these Defendant officers, cannot be relevant to

---

[1] Count VIII of Plaintiff's Complaint does not specify the alleged unlawful custom or practice but merely states that the Defendants acted pursuant to the same.

2

the remaining claims against these individual Defendants arising out of Plaintiff's arrest on May 20, 2002. While the other lawsuits might arguably be relevant to a claim against the City of Worcester for an unconstitutional custom or policy through a designated expert witness, no expert witness has been designated in this action, and, moreover, there is no remaining claim against the City of Worcester.

In the event the Court deems evidence of other civil lawsuits relevant to this action, Defendants state that such evidence should be excluded pursuant to Fed. R. Evid. 403, which provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Clearly, evidence of other civil lawsuits would unfairly prejudice these Defendants in their defense of the single arrest that gives rise to this lawsuit, and such prejudice would substantially outweigh any arguable probative value.

WHEREFORE, Defendants move this Court to exclude all evidence, whether testimonial or documentary, as to other civil lawsuits against the City of Worcester, the Worcester Police Department or any Worcester police officers.

ROBERT TURGEON, STEPHEN GUNNERSON, KEVIN JOHANSON, MATTHEW D'ANDREA, BRIAN HALLORAN and THOMAS C. DUFFY

By their attorney,

/s/ Janet J. McGuiggan
Janet J. McGuiggan
Assistant City Solicitor
City Hall, Room 301
455 Main Street
Worcester, MA 01608
(508) 799-1161
BBO #630013

CERTIFICATE OF SERVICE

I, Janet J. McGuiggan, hereby certify that on this 23d day of January, 2008, I served upon Plaintiff the within motion by electronically filing the same with the Court with electronic notice sent to all registered participants.

/s/ Janet J. McGuiggan
Janet J. McGuiggan