```
                    UNITED STATES DISTRICT COURT
                            FOR THE
                     DISTRICT OF MASSACHUSETTS


DANIEL HOUDE,                   )
        Plaintiff               )
                                )
v.                              )
                                )
ROBERT TURGEON, STEPHEN         )
GUNNERSON, KEVIN JOHANSON,      )
MATTHEW D'ANDREA, BRIAN         )
HALLORAN and THOMAS C. DUFFY    )   C.A. NO. 05-40075FDS
        Defendants              )
```

**DEFENDANTS' MOTION IN LIMINE
AS TO PURPORTED MOTIVE EVIDENCE**

Defendants Robert Turgeon, Stephen Gunnerson, Kevin Johanson, Matthew D'Andrea, Brian Halloran and Thomas C. Duffy ("Defendants") hereby move this Court to exclude all evidence, whether testimonial or documentary, as to purported evidence of motives for animosity against Plaintiff. Plaintiff makes a number of claims in his Complaint, his deposition testimony, and his Pretrial Memorandum that purportedly support motives for animosity between Plaintiff and the Worcester Police Department. However, all such claims are without support in fact, and, more importantly, even according to Plaintiff's testimony, do not implicate these Defendants. Consequently, the probative value of evidence of so-called "motives for animosity" is substantially outweighed by the prejudice to

these Defendants, and, therefore, should be excluded pursuant to Fed. R. Evid. 403.

For example, Plaintiff contends that his hot dog cart/food service truck was pulled over a number of times by members of the Worcester Police Department without justification as part of a vendetta by the Worcester Police Department because Plaintiff's cart allegedly competed with the cart of the father of a Worcester Police Officer.[1] When asked in his deposition, Plaintiff was unable to identify the date of any one of allegedly unjustified stops or the name of any police officer that had pulled him over. Moreover, Plaintiff did not identify any of the Defendant officers in this case as ever having pulled him over. Insomuch as there is no link between the allegedly improper stops of Plaintiff's hot dog cart and these Defendants, all such testimony should be excluded, as the prejudice substantially outweighs the probative value.

Plaintiff also contends that he lost an opportunity to manage a pizza parlor at the Palladium, a music venue on Main Street in Worcester, as a result of a relationship between officers working paid details at the club and the owners of the club. Plaintiff's theory is entirely without support, and, once again, there is no evidence linking

---

[1] Plaintiff's claims for interference with business relations were dismissed pursuant to Defendants' Summary Judgment Motion.

these Defendants to a scheme to thwart Plaintiff's pizza parlor prospects.  Without a link to these Defendants, all such testimony should be excluded, as the prejudice to the defense substantially outweighs the probative value.

WHEREFORE, Defendants move this Court to exclude all evidence as to purported motives for animosity between the Worcester Police Department and Plaintiff.

                        ROBERT TURGEON, STEPHEN
                        GUNNERSON, KEVIN JOHANSON,
                        MATTHEW D'ANDREA, BRIAN
                        HALLORAN and THOMAS C. DUFFY

                        By their attorney,

                        /s/ Janet J. McGuiggan
                        Janet J. McGuiggan
                        Assistant City Solicitor
                        City Hall, Room 301
                        455 Main Street
                        Worcester, MA 01608
                        (508) 799-1161
                        BBO #630013

## CERTIFICATE OF SERVICE

I, Janet J. McGuiggan, hereby certify that on this 23d day of January, 2008, I served upon Plaintiff the within motion by electronically filing the same with the Court with electronic notice sent to all registered participants.

                        /s/ Janet J. McGuiggan
                        Janet J. McGuiggan