UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

C.A. NO. 05-40075FDS

|  |  |
|---|---|
| DANIEL HOUDE,<br><br>        Plaintiff,<br><br>v.<br><br>ROBERT TURGEON, STEPHEN GUNNERSON,<br>KEVIN JOHANSON, MATTHEW D'ANDREA,<br>BRIAN HALLORAN, THOMAS DUFFY,<br>SEAN MCCANN and CITY OF WORCESTER<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ALL
CRIMINAL OFFENCDER RECORD INFORMATION OF PLAINTIFF AND
PLAINTIFF'S CROSS-MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE
OF CONVICTIONS BEFORE AND AFTER THE DATE OF THE INCIDENT AT
ISSUE IN THIS CASE**

    Plaintiff Daniel Houde hereby submits this opposition to Defendant's Motion for all criminal offender record information of Plaintiff and cross-moves, in limine, to exclude all evidence of convictions of Plaintiff before and after the date of the incident at issue in this case. As reasons therefore, Plaintiff states as follows:

    (1)    Defendant's are not entitled to Plaintiff's criminal offender record information because the information contained therein shall not be admissible at trial.

    (2)    To the extent that the information was "discoverable", Defendants should have availed themselves of the CORI information during the discovery period of this case – which has long since passed.

(3)   Further, the information contained therein, including convictions or arrests before of after the incident at issue in this case is not admissible at trial..

(4)   Convictions of other crimes may be offered under Rule 609 (a) of the Federal Rules of Evidence, but only under limited circumstances:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

(5)   Any other crimes for which Plaintiff has been convicted are not probative of his allegation that he was severely beaten on the night of the incident by the officers in this matter.  Additionally, any probative value of such arrests or convictions that could be asserted by Defendants is greatly outweighed by the prejudicial effect of their admission.  This case should be determined based upon the events on the night in question – not on a showing that Plaintiff has bad character because he has had other arrests or convictions. .

WHEREFORE, Plaintiff requests that the Court deny Defendants' motion for CORI information and allow his cross-motion to exclude evidence of Plaintiff's other crimes and arrests.

Respectfully submitted,

**PLAINTIFF DANIEL HOUDE,**

By his attorney,

/s/ Timothy J. Perry
Timothy J. Perry (BBO #631397)
PERRY, KRUMSIEK & JACK LLP
One McKinley Square
Boston, MA  02109
(617) 720-4300
facsimile (617) 720-4310

### Certificate Regarding Service

I hereby certify that this document was served upon all counsel of record by the Court's ECF system.

Date:  January 23, 2008            /s/ Timothy J. Perry
                                    Timothy J. Perry