UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
DANIEL HOUDE,                    )
          Plaintiff             )
                                )
v.                              )
                                )
ROBERT TURGEON, STEPHEN         )
GUNNERSON, KEVIN JOHANSON,      )
MATTHEW D'ANDREA, BRIAN         )
HALLORAN and THOMAS C. DUFFY    )    C.A. NO. 05-40075FDS
          Defendants           )
```

Defendants Robert Turgeon, Stephen Gunnerson, Kevin Johanson, Matthew D'Andrea, Brian Halloran and Thomas C. Duffy hereby request the following jury instructions.

ROBERT TURGEON, STEPHEN
GUNNERSON, KEVIN JOHANSON,
MATTHEW D'ANDREA, BRIAN
HALLORAN and THOMAS C. DUFFY

By their attorney,

/s/ Janet J. McGuiggan
Janet J. McGuiggan
Assistant City Solicitor
City Hall, Room 301
455 Main Street
Worcester, MA 01608
(508) 799-1161
BBO #630013

CERTIFICATE OF SERVICE

I, Janet J. McGuiggan, hereby certify that on this 23d day of January, 2008, I served upon Plaintiff the within jury instructions by electronically filing the same with the Court with electronic notice sent to all registered participants.

/s/ Janet J. McGuiggan
Janet J. McGuiggan

DEFENDANTS' REQUESTED JURY INSTRUCTION
(Burden of Proof)


The burden of proof is the burden upon a party alleging a fact to persuade you as jurors that the fact actually exists.  In a civil case, the plaintiff bears the burden of proving all of the essential elements of his or her case by a fair preponderance of the evidence. The defendants must then bear the burden of proving all of the essential elements of their defenses.  While each party need not exclude every possibility that the facts occurred other than as alleged, they are required to show that it is more likely than not that the facts occurred as they allege.  If the evidence indicates that it is just as likely that the facts occurred in a manner other than as alleged, the party has failed to sustain his or her burden of proof.  In this case, the plaintiff must prove by a preponderance of the evidence the elements of each claim he has made against the individual police officer Defendants in order to recover on those claims.


BISHOP, PRIMA FACIE CASE, 17B M.P.S. § 1614, P.J. LIACOS, MASSACHUSETTS EVIDENCE § 5.1 et seq. (6th ed. 1994); Stepakoff v. Kantar, 393 Mass. 836, 842, 473 N.E.2d 1131, 1135-1136 (1985); Sargent v. Mass. Accident Co., 307 Mass. 246, 250, 29 N.E.2d 825, 827 (1940).

DEFENDANTS' REQUESTED JURY INSTRUCTION
(Preponderance of the Evidence)


The Plaintiff bears the burden of proving each and every element of his claims by a fair preponderance of the evidence.  A fair preponderance of the evidence does not require proof to an absolute certainty or proof beyond a reasonable doubt.  To establish a fact by a fair preponderance of the evidence means to prove that a fact is more likely true than not true.  In other words, upon consideration of all the evidence, the proof of the particular fact has more convincing force, and produces in your minds, a belief that the fact is more likely to be true than false.  If the Plaintiff fails to establish any essential element of his claims by a fair preponderance of the evidence, you, the jury, must find against him.


Crowninshield v. Crowninshield, 68 Mass. 524, 530-531, 769 N.E.2d 273 (1863); School Committee of Brookline v. Bureau of Special Education Appeals, 389 Mass. 705, 715-716, 452 N.E.2d 476, 481-482 (1983) (citations omitted).

DEFENDANTS' REQUESTED JURY INSTRUCTION
(Credibility)

You must also decide whether you believe what each witness had to say and how important that testimony was.  You are the sole judges of credibility of each witness and of the importance of his or her testimony.

You are not required to accept testimony even if it is uncontradicted.  You may decide, because of a witness' bearing and demeanor, or because of inherent improbability or for other reasons sufficient to you, that certain testimony is not worthy of belief.

You may accept all of the witness' testimony or you may reject all of it, or you may accept part and reject another part. You should, as always, use common sense and your own good judgment.

You should take into consideration the character and appearance of the witness at trial in determining the credit to be given to his or her testimony.

You, the jurors, are the sole judges of the facts in this case.

Harding v. Studley, 294 Mass. 193, 196, 200 N.E. 916, 917 (1936).
HUGHES, EVIDENCE, § 237 (1961).

DEFENDANTS' REQUESTED JURY INSTRUCTION
(Weight of the Testimony)

You, as jurors, are the sole judge of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and the conduct of the witness, by the manner in which the witness testifies, by the character of the testimony given, or by evidence contrary to the evidence given.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons witnessing an incident may see or hear differently; an innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or to an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you think it deserves.

DEFENDANTS' REQUESTED JURY INSTRUCTION
(Impeachment of a Witness)


A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something which is inconsistent with the witnesses' present testimony.  Lawyers use deposition transcripts and answers to interrogatories as some ways to discredit a witness - to show that the witness testified differently under oath at some time prior to trial.  If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, you may think it deserves.

DEFENDANTS' REQUESTED JURY INSTRUCTION
(Announced Witness Does Not Testify)

When you were being impaneled as the jury in this case, you were told the names of the potential witnesses for this trial.  This was done solely for the purpose of screening out any potential jurors who might know any of the possible witnesses, or might be related to any of them.

The fact that someone's name appeared on that list does not mean that they were definitely going to be a witness in this case.  If someone was named at that point but has not appeared as a witness, you are to draw no inferences from that fact.  You are to decide this case solely on the evidence that is before you.

DEFENDANTS' REQUESTED JURY INSTRUCTION
(No Right To Resist Arrest)


There is no right to use force to resist arrest.  This is true even if the person being arrested believes the arrest is unlawful or without authority.  The law requires that the individual submit to the authority of the arresting officer.

<u>Commonwealth v. Morreira</u>, 388 Mass. 596 (1983).

DEFENDANTS' REQUESTED JURY INSTRUCTION
(Use of Force – Totality of Circumstances)


The proper application of what is reasonable requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

<u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989).

DEFENDANTS' REQUESTED JURY INSTRUCTION
(Amount of Force Necessary To Find Constitutional Violation)

Not every push and shove rises to the level of a constitutional violation.

One must take into account that "police officers making arrests are often forced to make split-second decisions about the amount of force needed to effect an arrest while operating under tense, dangerous and rapidly changing circumstances."

In this case, Plaintiff does not have a claim for excessive force, but has a claim for conspiracy to use excessive force.

Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 1872 (1989) citing Johnson v. Glick, 481 F.2d 1028, 1033 cert. den. 414 U.S. 1033 (2d Cir. 1973).
Gaudreault v. Salem, 923 F.2d 203, 205 (1st Cir. 1990).

DEFENDANTS' REQUESTED JURY INSTRUCTION
(Injury Not Determinative)


The fact that the Plaintiff may have suffered some injury during the course of his arrest does not mean that the force used was necessarily unjustified.  You may find that the Plaintiff was injured through the use of force that was justified by his own resistance.  If you so find, the Defendants would not be liable for any injury the Plaintiff suffered.

DEFENDANTS' PROPOSED JURY INSTRUCTION
(Assault and Battery)


To succeed on his claim for assault and battery, Plaintiff must prove by a preponderance of the evidence that:

1) there was an overt act to do harm immediately accompanied by an ability of the individual Defendants to do harm;

2) Plaintiff had a reasonable belief or fear that physical harm to oneself would result from the act;

3) the battery where that act was accomplished was an intentional and unjustified use of force upon the Plaintiff; and

4) that Plaintiff's damage, if any, was proximately caused by the harmful or offensive touching.

An action for assault and battery cannot be maintained where the injury was accidental or incidental.  You must also look at whether the claimed assault and battery was justified.

Massachusetts courts have defined assault and battery as the intentional and unjustified use of force upon the person of another.


Commonwealth v. McCan, 277 Mass. 199, 203 (1931);
Commonwealth v. Correia, 50 Mass. App. Ct. 455 (2000).

DEFENDANTS' REQUESTED JURY INSTRUCTION
(Assault and Battery)

To prevail on his claim of assault and battery, Plaintiff must prove that the individual Defendants' actions were both intentional and unjustified.

RESTATEMENT (SECOND) OF TORTS § 13 (1977).

DEFENDANTS' REQUESTED JURY INSTRUCTION
(Intentional Infliction of Emotional Distress)

In this case, the Plaintiff is claiming that the individual Defendants intentionally or recklessly caused infliction of emotional distress when he was arrested.  In order to recover, the Plaintiff must prove by a preponderance of the evidence that:

1.    the individual Defendants intended to inflict emotional distress or that the Defendants, knew or should have known that emotional distress was likely from their conduct;

2.    the individual Defendants' conduct was extreme and outrageous, was beyond all possible bounds of decency and was utterly intolerable in a civilized community;

3.    the individual Defendants' conduct caused the Plaintiff's emotional distress, and

4.    the emotional distress suffered was severe and of a nature that no reasonable person could be expected to endure it.

14

(Intentional Infliction of Emotional Distress)

(Page Two of Instruction)


It is not necessary for the Plaintiff to prove that physical injury resulted from the severe emotional distress.

Tetrault v. Mahoney, Hawkes & Goldings, 425 Mass. 456, 465-66, 681 N.E.2d 1189, 1196-97 (1997); Foley v. Polaroid Corp., 400 Mass. 82, 99-100, 508 N.E.2d 72, 82 (1987); Agis v. Howard Johnson Co., 371 Mass. 140, 144-45, 355 N.E.2d 315, 318-19 (1976); Cady v. Marcella, 49 Mass. App. Ct. 334, 340-41, 729 N.E.2d 1125, 1131 (2000); Brown v. Nutter, McClennen & Fish, 45 Mass. App. Ct. 212, 218, 696 N.E.2d 953, 957 (1998); Conway v. Smerling, 37 Mass. App. Ct. 1, 8, 635 N.E.2d 268, 273 (1994).

Agis v. Howard Johnson Co., 371 Mass. 140, 144, 355 N.E.2d 315, 318 (1976).  See also Simon v. Solomon, 385 Mass. 91, 95, 431 N.E.2d 556, 561 (1982).

DEFENDANTS' REQUESTED JURY INSTRUCTION
(Intentional Infliction of Emotional Distress)
(Intent)


In order to prove intentional infliction of severe emotional distress, the Plaintiff must prove that the individual Defendants acted either with the desire or knowledge that emotional distress would result from their conduct or that they should have known that their conduct would cause the Plaintiff to suffer emotional distress.

Tetrault v. Mahoney, Hawkes & Goldings, 425 Mass. 456, 465-66, 681 N.E.2d 1189, 1196-97 (1997); Simon v. Solomon, 385 Mass. 91, 96-97, 431 N.E.2d 556, 562, (1988); Agis v. Howard Johnson Co., 371 Mass. 140, 144-45, 355 N.E.2d 315, 318 (1976); George v. Jordan Marsh Co., 359 Mass. 244, 255, 268 N.E.2d 915, 921 (1971).

DEFENDANTS' REQUESTED JURY INSTRUCTION
(Intentional Infliction of Emotional Distress)
(Extreme and Outrageous Conduct)


"Extreme and outrageous" conduct is more than just workaday insults, hurt feelings from bad manners, annoyances, or petty oppressions.  "Outrageousness" means a high order of recklessness, ruthlessness or deliberate malevolence.

Tetrault v. Mahoney, Hawkes & Goldings, 425 Mass. 456, 465-66, 681 N.E.2d 1189, 1196-97 (1997); Foley v. Polaroid Corp., 400 Mass. 82, 99-100, 508 N.E.2d 72,82 (1987); Boyle v. Wenk, 378 Mass. 592, 595, 392 N.E.2d 1053, 1055-56 (1979); Agis v. Howard Johnson Co., 371 Mass. 140, 144-45, 355 N.E.2d 315, 319 (1976); Conway v. Smerling, 37 Mass. App. Ct. 1, 8-9, 635 N.E.2d 268, 273 (1994).

DEFENDANTS' REQUESTED JURY INSTRUCTION
(42 U.S.C., § 1983)


The Plaintiff claims emotional and physical injury as a direct and proximate result of what he claims are the individual Defendant police officer's wrongful actions.  However, to establish his civil rights claim against the individual Defendant police officer, under Section 1983 of Title 42 of the United States Code, Plaintiff must establish by a preponderance of the evidence each of the following three elements:

    (1) that each Defendant acted under the color of state law;

    (2) that each Defendant's conduct deprived Plaintiff of
       rights secured by the Constitution; and

    (3) that each Defendant's acts were the proximate cause of
       any injuries and damages he may have sustained.


42 U.S.C., § 1983.

DEFENDANTS' REQUESTED JURY INSTRUCTION
(Federal Civil Rights - Under Color of State Law)


With respect to the element that the individual Defendant police officer acted under color of state law, Plaintiff must prove that the individual Defendant police officer was acting under the color of a state statute, ordinance, regulation, custom or usage of the Commonwealth of Massachusetts.  Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state.  In this case, it is not disputed that the individual Defendant police officers, acting as a City of Worcester police officer, were acting under color of state law.


42 U.S.C., § 1983.

DEFENDANTS' REQUESTED JURY INSTRUCTION
(Federal Civil Rights - Deprivation of Constitutional Right)


In order to succeed on his claim that the individual Defendant police officers violated his federal civil rights, Plaintiff must also prove by a preponderance of the evidence that each individual Defendant deprived him of a constitutional right.  As a matter of law, under the Constitution of the United States, every citizen has the right to his or her liberty, that is, the right not to be arrested without due process of law.


U.S. Const. Amend IV; *see* Graham v. Connor, 490 U.S. 386 (1998); Gerstein v. Pugh, 420 U.S. 103, 111-112 (1974).

DEFENDANTS' REQUESTED JURY INSTRUCTION
(42 U.S.C., § 1983 - Due Process)

You may find that the defendant deprived the plaintiff of [life, liberty or property] without due process of law if the defendant acted intentionally or is [his/her] conduct reflected a reckless or callous indifference to the plaintiff's rights. A person acts intentionally when [he/she] acts either with the desire to cause harm or with the belief that harm is certain to result. A person acts with reckless or callous indifference when it would be apparent to any reasonable person in similar circumstances that [his/her] conduct would be very likely to result in harm.

If a person acts with no desire to cause harm or no belief that harm is certain to result but acts unreasonably in light of the risks, [his/her] behavior is negligent. If the plaintiff has proved only that the defendant acted negligently, you must find for the defendant because negligence is not sufficient to constitute a deprivation of due process.

Germany v. Vance, 868 F.2d 9, 18 & n.10 (1st Cir. 1989); Daniels v. Williams, 474 U.S. 327, 332-34 (1986); Watterson v. Page, 987 F.2d 1, 8-9 (1st Cir. 1993); Germany v. Vance, 868 F.2d 9, 18 (1st Cir. 1989).

DEFENDANTS' REQUESTED JURY INSTRUCTION
(42 U.S.C. § 1983 – Conspiracy)

A civil rights conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damages.

In this case, Plaintiff claims that the Defendants conspired to use excessive force in effectuating his arrest.

For a conspiracy to be actionable under § 1983, the Plaintiff has to prove that there has been both an agreement to deprive Plaintiff of a Constitutional right as well as an actual deprivation of a Constitutional right.

A civil rights conspiracy cannot be left to speculation or conjecture.

In this case, Plaintiff must prove all of the elements of a Constitutional violation pursuant to 42 U.S.C. § 1983, as set forth in these instructions, as well as the additional elements of conspiracy since Plaintiff's claim is not for a Constitutional violation alone but for a conspiracy to commit such a violation.

<u>Earle v. Benoit</u>, 850 F.2d 836, 844 (1st Cir. 1988).

DEFENDANTS' REQUESTED JURY INSTRUCTION
(42 U.S.C., § 1983 - Causation)

An injury or damage is proximately caused by an act or failure to act whenever it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probably consequence of the act or omission.

<u>Gutierrez-Rodriguez v. Cartagena</u>, 882 F.2d 553, 569 (1st Cir. 1989).

DEFENDANTS' REQUESTED JURY INSTRUCTION
(42 U.S.C., § 1983 - Shock Conscience Standard)


To be actionable under the Federal Statute, the conduct must shock the conscience. The conduct must do more than offend some fastidious squeamishness or private sentimentalism. It must offend even hardened sensibilities.

Furtado v. Bishop, 604 F.2d 80, 95 (1st Cir. 1979); Page v Sharpe, 487 F.2d 567, 569 (1st Cir. 1973).

DEFENDANTS' REQUESTED JURY INSTRUCTION
(Constitutional Violation - Negligence is Insufficient)


Negligent actions which may cause unintended harm, do not rise to the level of a constitutional deprivation.


Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986).

DEFENDANTS' REQUESTED JURY INSTRUCTION
(42 U.S.C., § 1983 – Qualified Immunity)
(Sometimes a Question of Fact)

If a reasonable police officer could have believed that the plaintiff's arrest was lawful based upon clearly established law and information known to the defendant at the time of the arrest, the defendant is entitled to immunity.  St. Hilaire v. City of Laconia, 71 F.3d 20, 25 n.1 (1st Cir. 1995).

While summary judgment is usually the appropriate vehicle for resolution of immunity issues, nevertheless, "[w]hen the material facts are genuinely disputed, however, the question is properly treated as a question of fact, and its disposition must await the trial. Scott-Harris v. City of Fall River, 134 F.3d 427, 441 (1st Cir. 1997).

DEFENDANTS' REQUESTED JURY INSTRUCTION
(Qualified Immunity)


A police officer has qualified immunity and is thereby shielded from liability for civil damages if his conduct does not violate clearly established federal constitutional rights of which a reasonable person would have knowledge.

Harlow v. Fitzgerald, 457 U.S. 800 (1982).

```
              DEFENDANTS' REQUESTED JURY INSTRUCTION
                      (Qualified Immunity)
```

Defendants are entitled to qualified immunity where their actions are objectively reasonable.

Burns v. Loranger, 907 F.2d 233 (1st Cir. 1990).

DEFENDANTS' REQUESTED JURY INSTRUCTION
(Damages)


You should not interpret any instructions I give on the issue of damages as implying that you must award damages.  These instructions are for your guidance only.  You, the jurors, are the sole judge of whether or not, and in what amount, damages should be awarded.  The fact that I have instructed you as to the proper measure of damages should not be considered as suggesting any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given only for your guidance in the event you should find in favor of a party by a preponderance of the evidence and in accordance with my other instructions.

DEFENDANTS' REQUESTED JURY INSTRUCTION
(Damages - Defined)

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the Defendants' alleged wrongful conduct. If you find that the Defendants are liable on the claims as the Court has explained them, then you must award the Plaintiff sufficient damages to compensate him for any injury proximately caused by the Defendants' conduct.  However, the purpose of compensatory damages is not to reward one party and punish the other.

Compensatory damages seek to make the complaining party whole, that is, to compensate him for the damage that he has suffered. Compensatory damages are not limited merely to expenses that that party has borne.  A prevailing party is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he/she has suffered because of the other party's conduct.

However, you may award compensatory damages only for injuries that the complaining party proves were proximately caused by the other party's alleged wrongful conduct.

Solimene v. B. Grauel Co., K.G., 399 Mass. 790, 804 n.16, 507 N.E.2d 662, 670 n.16 (1987); Joseph A. Fortin Constr., Inc. v. Massachusetts Housing Finance Agency, 392 Mass. 440, 444, 466 N.E.2d 514, 517 (1984); Rodgers v. Boynton, 315 Mass. 279, 280, 52 N.E.2d 576, 577 (1943).

DEFENDANTS' REQUESTED JURY INSTRUCTION
(Damages)


The purpose of awarding damages to a plaintiff who has established the liability of a defendant for having committed particular acts is to compensate him/her for injuries that the plaintiff actually experienced that flowed as a direct and natural consequence of those acts. Therefore, you may not award money damages to the Plaintiff unless he has proven by a preponderance of the evidence that he has sustained actual injury. In other words, you may not award damages based on your subjective perception of the abstract value or importance of constitutional rights. In awarding damages for any injury that the Plaintiff may have suffered as the result of the Defendants' acts, you should not award damages for any actual injury unless the Plaintiff has established by a preponderance of the evidence that the Defendants' acts were the legal cause of the injury. Proof that an event happened or that a certain result could possibly have been caused by a past event, without proof of a defendant's action being the legal cause, is not sufficient as a basis for awarding damages.


Memphis Community Schools v. Stachura, 477 U.S. 299, 308 (1986).

31

DEFENDANTS' REQUESTED JURY INSTRUCTION
(Proximate Cause – Legal Cause)


"In addition to being the cause in fact of the injury, the plaintiff must show that the unlawful conduct was a proximate cause or legal cause of the injury as well.  Whether unlawful conduct is the proximate cause of an injury depends not on factual causation, but rather on whether the injury to the plaintiff was a foreseeable result of the defendant's unlawful conduct.  In this respect, proximate cause prevents liability from being based on factual causation alone."

Kent v. Commonwealth, 437 Mass. 312, 320 (2002), *citing* Wallace v. Ludwig, 292 Mass. 251, 254 (1935); Jesionek v. Massachusetts Port Authority, 376 Mass. 101, 105 (1978).

DEFENDANTS' REQUESTED JURY INSTRUCTION
(Constitutional Violation - Compensatory Damages)


If the Plaintiff's rights were violated, he is entitled to
compensatory damages only if there was an actual injury caused by the
constitutional deprivations.

Carey v. Piphus, 435 U.S. 247 (1978).

DEFENDANTS' REQUESTED JURY INSTRUCTION
(Computing Damages)


In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require the Plaintiff to prove the amount of her alleged losses with mathematical precision but only with as much definiteness and accuracy as the circumstances permit.


Matsushita Elec. Corp. v. Sonus Corp., 362 Mass. 246, 264, 284 N.E.2d 880, 890 (1972).

DEFENDANTS' REQUESTED JURY INSTRUCTION
(42 U.S.C., § 1983 – Punitive Damages)

If the plaintiff is entitled to actual or compensatory damages, and if the defendant's conduct that caused actual injury or damage to the plaintiff was maliciously, wantonly, or oppressively done, you may award in addition to actual damages an amount you agree to be proper as punitive damages in order to punish the defendant for extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

The defendant acted or failed to act maliciously if [his/her] conduct or inaction was prompted or accompanied by ill will, spite, or grudge toward the plaintiff.

The defendant acted or failed to act wantonly if [his/her] conduct or inaction was done in reckless or callous disregard of, or indifference to, the rights of the plaintiff. The defendant acted or failed to act oppressively if [his/her] conduct or inaction was done in a way or manner that injured or damaged the plaintiff or otherwise violated the plaintiff's rights with unnecessary harshness or severity, for example, by

DEFENDANTS' REQUESTED JURY INSTRUCTION
(42 U.S.C., § 1983 – Punitive Damages)
(Page 2 of Instruction)

misuse or abuse of authority or power, or by taking advantage of some

weakness or disability of the plaintiff.

Smith v. Wade, 461 U.S. 30, 56 (1983); Davet v. Maccarone, 973 F.2d 22, 27 (1st Cir. 1992); Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 581 (1st Cir. 1989).  See also Iacobucci v. Boulter, 193 F.3d 14, 25-26 (1st Cir. 1999).

DEFENDANTS' REQUESTED JURY INSTRUCTION
(Punitive Damages)


In addition to compensatory damages, the law permits the jury under certain circumstances to award an injured plaintiff punitive and exemplary damages, in order to punish the wrongdoer for some extraordinary misconduct, and to serve as an example or warning to others not to engage in such misconduct.  Punitive damages may be assessed only on the Plaintiff's civil rights claims and not on the other theories, and may be assessed only against the individual in his individual capacity.

You are only permitted to award punitive damages against the Defendant police officer if you believe that they acted with "reckless or callous disregard" for the Plaintiff's federal constitutional rights, or intentionally violated federal law.  Furthermore, punitive damages may not be awarded where actual damages suffice to deter a defendant's wrongdoing.




Smith v. Wade, 461 U.S. 30 (1983).

DEFENDANTS' REQUESTED JURY INSTRUCTION
(Punitive Damages)

You have the discretion to assess punitive damages in an action under 42 U.S.C., § 1983, if and only if, you find the police officer's conduct to have been motivated by evil motive or intent, or that it involved reckless or callous indifference to the rights of the Plaintiff. Moreover, punitive damages may not be awarded where actual damages suffice to deter a defendant's wrongdoing.

Rosado v. Santiago, 562 F.2d 114, 121 (1st Cir. 1977); Smith v. Wade, 461 U.S. 30 (1983).

DEFENDANTS' REQUESTED JURY INSTRUCTION
(Punitive Damages)


Under Massachusetts law, punitive damages cannot be awarded unless specifically authorized by statute.  Common law torts do not authorize an award of punitive damages.

Punitive damages can only be awarded if you find a violation of constitutional or federal statutory rights.  You may not award punitive damages for assault and battery or intentional infliction of emotional distress.

Torres v. Attorney General, 391 Mass. 1, 13 (1984); Lowell v. Massachusetts Bonding & Ins. Co., 313 Mass. 257, 269 (1943); Doe v. Clinton, 1996 WL 1185103 (Mass. Super. 1996).

DEFENDANTS' REQUESTED JURY INSTRUCTION
(Constitutional Violation - Abstract Damages Not Recoverable)


Damages based on the abstract "value" or "importance" of

constitutional rights are not a permissible element of compensatory

damage in § 1983 cases.


Memphis Community School District v. Stachura, 477 U.S. 299, 310
(1986).

DEFENDANTS' REQUESTED JURY INSTRUCTION
(Damages  - No Speculation)


The Plaintiff is entitled only to such damages, if any, as he is

able to prove.  Damages may not be left to speculation.

Lufkin's Real Estate, Inc. v. Aseph, 349 Mass. 343, 346, 208 N.E.2d
209, 211 (1965), *citing* Snelling & Snelling of Mass. Inc., v. Wall,
345 Mass. 634 (1963).