UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

C.A. NO. 05-40075FDS

| | |
|---|---|
| DANIEL HOUDE, | ) |
| Plaintiff, | ) |
| v. | ) |
| ROBERT TURGEON, STEPHEN GUNNERSON, KEVIN JOHANSON, MATTHEW D'ANDREA, BRIAN HALLORAN, THOMAS DUFFY, SEAN MCCANN and CITY OF WORCESTER | ) |
| Defendants. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE AS TO EXCESSIVE FORCE LAWSUITS**

Plaintiff Daniel Houde hereby submits this opposition to Defendants' Motion In Limine As to Excessive Force Lawsuits. As reasons therefore, Plaintiff states as follows:

(1) Defendants seek to exclude all evidence contained in other lawsuits against the defendant officers in this matter. Defendants are not entitled to such a blanket ruling.[1]

(2) Prior bad acts of an officer, such as the allegations contained in some of the lawsuits brought against the officers in this case are admissible under certain circumstances. Rule 404(b) provides:

---

[1] Defendants state in their pleadings that the Section 1983 claim is for "conspiracy to use excessive force." This is not so. Plaintiff claims Defendants are liable both for their excessive use of force (and failure to intercede when they saw their fellow officers engaging in that use of force) and for a conspiracy to cover up the excessive use of force.

> Other Crimes, Wrongs, or Acts — Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident…

(3)  Here, some of the other lawsuits against the City of Worcester involved some of the same officers at issue in this case and involved strikingly similar allegations as those made by Plaintiff. Therefore, other wrongs or acts set forth by those victims may be used to show motive, opportunity, intent, preparation, plan, knowledge or absence of mistake or accident depending on the testimony of the Defendant officers at trial.

(4)  Under these circumstances, and particularly if Defendants deny ever engaging in such wrongful conduct, the Court should allow the Defendants to be cross-examined with the fact that they have been accused of similar conduct by other plaintiffs

**WHEREFORE**, Plaintiff requests that the Court deny Defendants' motion in limine as to excessive force lawsuits.

Respectfully submitted,

**PLAINTIFF DANIEL HOUDE,**

By his attorney,

/s/ Timothy J. Perry
Timothy J. Perry (BBO #631397)
PERRY, KRUMSIEK & JACK LLP
One McKinley Square
Boston, MA 02109
(617) 720-4300
facsimile (617) 720-4310

## Certificate Regarding Service

I hereby certify that this document was served upon all counsel of record by the Court's ECF system.

Date:  January 28, 2008                           /s/ Timothy J. Perry
                                                  Timothy J. Perry