**UNITED STATES DISTRICT COURT**
FOR **UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF MASSACHUSETTS**

C.A. NO. 05-40075FDS

|  |  |
|---|---|
| DANIEL HOUDE, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| ROBERT TURGEON, STEPHEN GUNNERSON, | ) |
| KEVIN JOHANSON, MATTHEW D'ANDREA, | ) |
| BRIAN HALLORAN, THOMAS DUFFY, | ) |
| SEAN MCCANN and CITY OF WORCESTER | ) |
|  | ) |
|  | ) |
| Defendants. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PERMIT THE USE OF PLAINTIFF'S CONVICTIONS FOR IMPEACHMENT PURPOSES**

Plaintiff Daniel Houde hereby submits this opposition to Defendant's Motion in Limine to Permit the Use of Plaintiff's Convictions for Impeachment Purposes. As reasons therefore, Plaintiff states as follows:

(1)     Plaintiff's convictions of crimes unrelated to the incident at issue in this lawsuit are not admissible at trial.

(2)     Convictions of other crimes may be offered under Rule 609 (a) of the Federal Rules of Evidence, but only under limited circumstances:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or

imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

(3)    Any crimes for which Plaintiff has been convicted, other than the crimes on the night of the incident at issue in this lawsuit, are not probative of his allegation that he was severely beaten on the night of the incident by the officers in this matter.  Indeed, none of the "other crimes" that Defendants apparently would seek to admit into evidence have any tendency to reflect on Plaintiff's veracity or credibility.

(4)    Perhaps more importantly, any potential probative value of such arrests or convictions that could be asserted by Defendants is greatly outweighed by the prejudicial effect of their admission.  This case should be determined based upon the events on the night in question – not on a showing that Plaintiff generally has "bad character" because he had been arrested or convicted for "other crimes."

WHEREFORE, Plaintiff requests that the Court deny Defendants' motion in limine to permit the use of Plaintiff's convictions for impeachment purposes.

Respectfully submitted,

**PLAINTIFF DANIEL HOUDE,**

By his attorney,

/s/ Timothy J. Perry
Timothy J. Perry (BBO #631397)
PERRY, KRUMSIEK & JACK LLP
One McKinley Square
Boston, MA  02109
(617) 720-4300
facsimile (617) 720-4310

**Certificate Regarding Service**

I hereby certify that this document was served upon all counsel of record by the

Court's ECF system.

Date:  January 28, 2008                          /s/ Timothy J. Perry
                                                 Timothy J. Perry