UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

C.A. NO. 05-40075FDS

|  |  |
|---|---|
| DANIEL HOUDE, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) |
| ROBERT TURGEON, STEPHEN GUNNERSON, KEVIN JOHANSON, MATTHEW D'ANDREA, BRIAN HALLORAN, THOMAS DUFFY, SEAN MCCANN and CITY OF WORCESTER | ) ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE AS TO SO-CALLED HEARSAY STATEMENTS**

Plaintiff Daniel Houde hereby submits this opposition to Defendants' Motion In Limine As to so-called hearsay statements. As reasons therefore, Plaintiff states as follows:

(1)  Defendants seek to exclude two statements heard by Plaintiff while he was being beaten by several officers made by another officer who came upon the scene. The latter officer exclaimed words to the effect of: "what are all my cars doing here" and "get off of him." Defendants seek to exclude these statements as "hearsay."

(2)  "Broadly stated, hearsay is an out-of-court statement that is offered as evidence of the truth of the matter asserted." *U.S. v. Malpica-Garcia*, 489 F.3d 393, 396 (1st Cir. 2007); citing Fed. R. Evid. 801. When an out of court statement is not used to prove the truth of the matter asserted it is not hearsay. *U.S. v. Hansen*, 434 F.3d 92, 100

n. 9 (1st Cir. 2006). Here, the statements sought to be excluded as "hearsay" simply are not hearsay. The fact that an officer arrived at the scene of Plaintiff's altercation with police and stated "what are all my cars doing here" and "get off of him" will be offered *not* for the proof of the matters asserted in those statements, but rather to show the declarant's alarm at what he was witnessing upon his arrival at the scene. The statements support Plaintiff's allegation that an unlawful beating was being administered by the police who arrived first at the scene and Plaintiff will be available to be cross-examined on whether those statements were actually made.

(3) In any event, even if the statements were "hearsay" (which Plaintiff does not concede), they should still be admitted to show the state of mind of the declarant and/or as statements against interest. *See Horton v. Allen*, 370 F. 3d 75, 85 (1st Cir.2004) ("The premise for admitting hearsay statements evidencing state-of-mind is that such statements are reliable because of their spontaneity and [the] resulting probable sincerity.") (internal quotation marks and citations omitted); *see also U.S. v. Ciocca*, 106 F. 3d 1079, 1085, n. 2 (1st Cir. 1997) (admissions against interest are properly admissible under Fed. R. Evid. 801 (d) (2) (A) and 804 (b)(3)). In this matter, the statements would not be used to show that, indeed, all of the departments cars had responded to the scene of Houde's beating or that there were several police officers on top of Houde (a fact that is not in dispute), but rather to show the responding officer's state of mind when he arrived at the scene and as a statement against the penal interest of the Worcester Police Department.

**WHEREFORE**, Plaintiff requests that the Court deny Defendants' motion in limine as to so-called hearsay statements.

Respectfully submitted,

**PLAINTIFF DANIEL HOUDE,**

By his attorney,

/s/ Timothy J. Perry
Timothy J. Perry (BBO #631397)
PERRY, KRUMSIEK & JACK LLP
One McKinley Square
Boston, MA  02109
(617) 720-4300
facsimile (617) 720-4310

## Certificate Regarding Service

I hereby certify that this document was served upon all counsel of record by the Court's ECF system.

Date: January 28, 2008

/s/ Timothy J. Perry
Timothy J. Perry