UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

C.A. NO. 05-40075FDS

|  |  |
|---|---|
| DANIEL HOUDE, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) |
| ROBERT TURGEON, STEPHEN GUNNERSON, KEVIN JOHANSON, MATTHEW D'ANDREA, BRIAN HALLORAN, THOMAS DUFFY, SEAN MCCANN and CITY OF WORCESTER | ) ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE AS TO PURPORTED MOTIVE EVIDENCE**

Plaintiff Daniel Houde hereby submits this opposition to Defendants' Motion In Limine As to Purported Motive Evidence. As reasons therefore, Plaintiff states as follows:

(1) Defendants seek to exclude <u>all</u> evidence of motive for their animosity toward Plaintiff. Yet, Defendants only point to two circumstances that show such motive: incidents surrounding a competing hot dog truck owned by a father of a Worcester Police officer and incidents regarding the Palladium night club. Defendants are not entitled to such a blanket ruling. Defendants state merely that they believe there is insufficient evidence of such motive.

(2) First and foremost, issues of motive are for the jury to decide – not an opposing party. The Supreme Court has stated:

> "We cannot speculate as to whether the jury, as sole judge of the credibility of a witness, would have accepted this line of reasoning had counsel been permitted to fully present it. But we do conclude that the jurors were entitled to have the benefit of the defense theory before them so that they could make an informed judgment as to the weight to place on [that witnesss] testimony * * *.

*Davis v. Alaska*, 415 U.S. 308, 317 (1974).

(3)  In addition, and contrary to Defendants' assertions, there is substantial evidence already presented to the Court in the summary judgment pleadings of Plaintiff supporting a motive for animosity between Houde and the Worcester police. For instance, this Court found in its September 30, 2007 summary judgment order that: "Houde was a competitior of both the pizza vendor in the Palladium and Munch Times [a hot dog cart owned by a Worcester police officer's father]. Gunnerson and Johanson both acknowledged in their depositions that they knew that a fellow officer's father owned Munch Times. Both officers also acknowledged that they had worked paid details for the Palladium in the past." Summary Judgment Order, p. 2, n. 1. The Court also noted that Turgeon testified that three to six months prior to the beating of Houde, Turgeon began to investigate and stake out Houde's home at his mother's behest (but without any instruction from his superiors to do so). Id., p. 3, n. 2.

(4)  Under these circumstances, Houde is entitled to present evidence of motive and it is for the jury to decide what weight to give that evidence.

**WHEREFORE**, Plaintiff requests that the Court deny Defendants' motion in limine as to excessive purported motive evidence.

Respectfully submitted,

**PLAINTIFF DANIEL HOUDE,**

By his attorney,

/s/ Timothy J. Perry
Timothy J. Perry (BBO #631397)
PERRY, KRUMSIEK & JACK LLP
One McKinley Square
Boston, MA  02109
(617) 720-4300
facsimile (617) 720-4310

**Certificate Regarding Service**

I hereby certify that this document was served upon all counsel of record by the Court's ECF system.

Date:  January 28, 2008                    /s/ Timothy J. Perry
                                           Timothy J. Perry